The STATE of Ohio, Appellee,

v.

COMBS, Appellant.

[Cite as *State v. Combs* (1991), 73 Ohio App.3d 823.]

Court of Appeals of Ohio,
Montgomery County.

No. 12399.

Decided July 9, 1991.

*Lee C. Falke*, Prosecuting Attorney, and *Ted E. Millspaugh*, Assistant Prosecuting Attorney, for appellee.

*James Combs, pro se.*

WOLFF, Judge.

James Eugene Combs appeals from a dismissal by the Montgomery County Court of Common Pleas of his petition for relief from judgment which he filed pursuant to R.C. 2953.21 *et seq.* We affirm.

The record reflects that on August 28, 1989, Combs was sentenced to five to twenty-five years' imprisonment, five years of which were actual incarceration, pursuant to his plea of guilty to aggravated trafficking in violation of R.C. 2925.03(A)(7). No appeal was taken from the conviction.

On June 25, 1990, Combs filed a petition for relief from judgment which the trial court dismissed on July 17, 1990.

On appeal, Combs asserts the following assignment of error:

"The trial court errored [*sic*] by failing to modify an unlawful sentence imposed without statutory authority in violation of appellant's right to due process of law."

The state of Ohio has responded by saying that any possible error in sentencing has been waived by Combs' failure to pursue the issue of improper sentencing by way of direct appeal. *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, would appear to support the state's position:

"Under the doctrine of *res judicata,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial,* which resulted in that judgment of conviction, *or*

*on an appeal* from that judgment." (Emphasis *sic.*) *Id.* at paragraph nine of the syllabus.

Although Combs has waived the issue of improper sentencing by not taking a direct appeal from his conviction, we nevertheless conclude that, if this matter were properly before this court on the merits, Combs has failed to demonstrate an improper sentence or violation of his constitutional rights.

█ Combs' contention in the trial court and on appeal is that the trial court was confined to a five-year sentence of actual incarceration and erred in imposing an indefinite sentence of five to twenty-five years, five of which were actual incarceration.

R.C. 2929.11(B) provides in pertinent part as follows:

"Except as provided in division (D) of this section, section 2929.71, and Chapter 2925. of the Revised Code, terms of imprisonment for felony shall be imposed as follows:

"* * * *

"(4) For a felony of the first degree, the minimum term shall be four, five, six, or seven years, and the maximum term shall be twenty-five years[.]"

R.C. 2925.03(C)(6) provides as follows:

"Where the offender has violated division (A)(7) of this section, aggravated trafficking is a felony of the first degree and the court shall impose a sentence of actual incarceration of five years and if the offender has previously been convicted of a felony drug abuse offense, the court shall impose a sentence of actual incarceration of at least seven years."

By its terms, R.C. 2929.11(B) recognizes exceptions in R.C. Chapter 2925 to the general sentencing scheme provided at R.C. 2929.11(B). In brief, Combs contends that R.C. 2925.03(C)(6) is an exception to the general rule found at R.C. 2929.11(B), and more particularly at R.C. 2929.11(B)(4).

We disagree. R.C. 2925.03(C)(6) does not speak in terms of a "definite term" of imprisonment, as does R.C. 2929.11(D):

"Whoever is convicted of or pleads guilty to a felony of the third or fourth degree and did not, during the commission of that offense, cause physical harm to any person or make an actual threat of physical harm to any person with a deadly weapon, as defined in section 2923.11 of the Revised Code, and who has not previously been convicted of an offense of violence shall be imprisoned for a definite term * * *."

R.C. 2925.03(C)(6) does define a violation of R.C. 2925.03(A)(7) as a first degree felony and requires "a sentence of actual incarceration of five years." The identification in R.C. 2925.03(C)(6) of a violation of R.C. 2925.03(A)(7) as a

first degree felony and the requirement of a sentence of five years' actual incarceration are easily harmonized. A sentence of actual incarceration of five years can be imposed in conjunction with an indefinite term of five, six, or seven years to twenty-five years. Thus, R.C. 2925.03(C)(6) does not furnish an exception to the general sentencing scheme imposed by R.C. 2929.11(B) that first degree felonies be punished with indefinite terms of imprisonment.

In *State v. Smith* (1989), 42 Ohio St.3d 60, 537 N.E.2d 198, the court considered a conviction of trafficking in marijuana in an amount equal to or exceeding three times the bulk amount in violation of R.C. 2925.03(A)(7). The court stated at 61, 537 N.E.2d at 200:

" * * * the foregoing statutes require that defendant be sentenced to a term of imprisonment of two, three, four, or five to fifteen years. However, in cases of this nature R.C. 2925.03 additionally requires that the court impose a sentence of actual incarceration of six months."

Although the issue in *Smith* was not whether the "actual incarceration" requirements of R.C. 2925.03 were an exception to the general sentencing scheme imposed by R.C. 2929.11(B), *Smith* does seem to recognize that the general sentencing scheme requiring indefinite sentences for first and second degree felonies is in harmony with, and not in conflict with, the additional requirement of a sentence of actual incarceration that is imposed by certain subsections of R.C. 2925.03.

We recognize that *State v. Russo* (Feb. 25, 1988), Cuyahoga App. No. 53571, unreported, 1988 WL 22800, supports Combs' position. We respectfully disagree with the Eighth Appellate District on the resolution of the question presented in this appeal.

The assignment of error is overruled.

The judgment will be affirmed.

*Judgment affirmed.*

WILSON and BROGAN, JJ., concur.