OPINION
Defendant-appellant, Vincent Rhodes, appeals from a decision of the Mahoning County Common Pleas Court denying a motion to vacate his sentence.
In August 1972, appellant was convicted of robbery and sentenced to a term of imprisonment of one to twenty-five years (Case No. 72 CR 288). In April 1974, appellant was convicted of armed robbery and sentenced to a term of imprisonment of seven to twenty-five years (Case No. 73 CR 457), said term to run consecutive to the sentence imposed on Case No. 72 CR 288.
After being paroled on the sentences in Case Nos. 72 CR 288 and 73 CR 457, appellant was convicted of aggravated burglary in March 1986 (Case No. 86 CR 616) and sentenced to a term of imprisonment of seven to twenty-five years. This court affirmed that conviction. See State v.Rhodes (Mar. 11, 1991), Mahoning App. No. 87 C.A. 62, unreported, 1991 WL 33100; State v. Rhodes (Sept. 18, 1991), Mahoning App. No. 90 C.A. 28, unreported, 1991 WL 184615.
Subsequently, appellant, proceeding pro se, filed numerous postconviction relief motions which were all overruled. Of relevance to this appeal is a motion filed by appellant on June 30, 2000, styled, "MOTION TO VACATE SENTENCING JOURNAL OF IMPROPER SENTENCE'S [sic] AND REMAND MATTER FOR RESENTENCING WITH DEFENDANT PRESENT." Appellant argued that the sentencing entry for Case No. 86 CR 616 failed to require that his sentence be served consecutively to the sentences imposed in Case Nos. 72 CR 288 and 73 CR 457. On July 13, 2000, the trial court denied appellant's motion for re-sentencing. This appeal followed.
Appellant's sole assignment of error states:
 "THE TRIAL COURT ABUSED ITS DISCRETION BY FAILURE TO CORRECT AN IMPROPER JUDGMENT OF SENTENCE ENTRY UNDER AUTHORITY OF OHIO REVISED CODE § 2929.41
(B)(3), IN CONTRAVENTION OF BOTH THE OHIO AND UNITED STATES CONSTITUTIONS DUE PROCESS AND EQUAL PROTECTION CLAUSES UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."
In Case No. 86 CR 616, appellant was convicted of aggravated burglary and sentenced to a term of imprisonment of seven to twenty-five years. At the time, appellant was on parole for convictions and sentences stemming from Case Nos. 72 CR 288 and 73 CR 457. Appellant argues that the sentencing entry in Case No. 86 CR 616 is void since it failed to specifically state that the sentence in that case was to be served consecutively with the sentences imposed in Case Nos. 72 CR 288 and 73 CR 457 should appellant be found to be in violation of his parole in those cases.
Appellant's argument lacks merits for two reasons. First and foremost, any possible error in sentencing was waived by appellant's failure to pursue the issue of improper sentencing by way of direct appeal. See Statev. Combs (1991), 73 Ohio App.3d 823.
Second, under the statutory and case law that existed at the time, the trial court was not required to specifically state that appellant's sentence would be served consecutively with the sentences from his prior cases for which he had been paroled. Former R.C. 2929.41(B) provided:
 "A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:
 "(1) When the trial court specifies that it is to be served consecutively;
 "(2) When it is imposed for a violation of division (B) of section 2917.02, section 2921.34, or division (B) of section 2921.35 of the Revised Code;
 "(3) When it is imposed for a new felony committed by a probationer, parolee, or escapee;
 "(4) When a three-year term of actual incarceration is imposed pursuant to section 2929.71 of the Revised Code."
R.C. 2929.41(B)(3) mandates that a sentence of imprisonment shall be served consecutively to a sentence of imprisonment imposed for a new felony committed by a parolee. The provision is self executing and does not require that the trial court specifically state that the new sentence be served consecutively with the old sentence(s). Reading R.C. 2929.41(B) in its entirety, the only time the trial court is required to specifically state that the sentences are to run consecutively is when they do not automatically run consecutively by operation of law under subsections (2), (3), or (4).
Accordingly, appellant's sole assignment of error is without merit.
Vukovich, J., concurs
Waite, J., concurs