DECISION
Defendant-appellant, Maurice P. Henderson, appeals the March 16, 2001 decision and entry of the Franklin County Court of Common Pleas, denying appellant's petition for post-conviction relief. For the reasons that follow, we affirm.
On October 27, 1999, Henderson entered guilty pleas in four separate cases on two counts of burglary and three counts of receiving stolen property. The trial court ordered Henderson's sentences to run consecutively with each other; therefore, Henderson was sentenced to an aggregate term of eight years imprisonment. On June 20, 2000, Henderson filed a petition to vacate or set aside sentence, pursuant to R.C. 2953.21, and on December 26, 2000, Henderson filed a motion to suspend further payment of court costs and to vacate payment of court costs in total. On March 16, 2001, the trial court overruled Henderson's petition to vacate or set aside his sentences. The trial court determined that Henderson's petition was not timely, pursuant to R.C. 2953.21(A)(2) and, therefore, Henderson was not entitled to relief. Additionally, the trial court held that even if Henderson's petition were timely, he would not be entitled to the relief he sought because any error based on sentencing was waived when Henderson failed to pursue the issue through direct appeal. It is from this entry that Henderson timely appeals, raising the following three assignments of error:
ASSIGNMENT OF ERROR NUMBER I
 THE TRIAL COURT ERRED WHEN IT STATED THAT PETITIONER FAILED TO FILE HIS POST-CONVICTION WITHIN THE 180 DAY TIME PERIOD.
 ASSIGNMENT OF ERROR NUMBER II THE TRIAL COURT ERRED WHEN IT STATED THAT BECAUSE APPELLANT FAILED TO PURSUE POSSIBLE ERROR IN SENTENCE BY DIRECT APPEAL THERE WAIVING THIS ISSUE.
 ASSIGNMENT OF ERROR NUMBER III THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION TO SUSPEND AND VACATE COURT COSTS.
In his first assignment of error, Henderson argues that the trial court erred when it held that he failed to file his post-conviction appeal within the one hundred eighty day time period. R.C. 2953.21(A)(2) provides in part:
 A petition * * * shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
App.R. 4(A) prescribes the time period in which an appellant must file their notice of appeal with the trial court:
 A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure.
"When a petition for post-conviction relief is untimely filed, R.C.2953.21(A)(2) divests a judge of jurisdiction to hear the petition unless the exceptions as put forth in R.C. 2953.23(A)(1) apply." State v. Nelms (July 10, 2001), Franklin App. No. 00AP-1465, unreported, quoting State v. Warren (Dec. 14, 2000), Cuyahoga App. No. 76612, unreported. In the instant case, Henderson's time for filing his direct appeal expired on November 27, 1999. Therefore, in accordance with R.C. 2953.21(A)(2), Henderson had until May 25, 2000 to file any petitions for post-conviction relief. Henderson filed his untimely petition for post-conviction relief on June 20, 2000. Therefore, Henderson's petition was untimely pursuant to R.C. 2953.21(A)(2), as he did not file within one hundred eighty days after the expiration of the time for filing an appeal. When a petition for post-conviction relief is filed outside the time limits specified within the statute, the trial court lacks jurisdiction to determine that petition, unless the exceptions in the statute apply. State v. Jackson (Sept. 28, 2001), Franklin App. No. 01AP-427 unreported, citing Nelms. R.C. 2953.23(A)(1) provides the following exceptions:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
* * *
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
Pursuant to R.C. 2953.23(A)(1)(a) and (b), a trial court may not consider an untimely filed petition for post-conviction relief unless the petitioner shows that he was unavoidably prevented from discovering the facts upon which his petition is based or the United States Supreme Court has recognized a new retroactive right. If the petitioner can show one of these two threshold requirements, the petitioner must then demonstrate by clear and convincing evidence that a reasonable trier of fact would not have convicted him but for constitutional error. R.C. 2953.23(A)(2). Appellant's petition makes no allegation that he was unavoidably prevented from discovering the facts upon which his petition is based, nor does he argue that the United States Supreme Court recognized some new federal or state right that would be applicable to his case. Because Henderson failed to meet either of the alternate threshold requirements, the trial court was without jurisdiction to consider his untimely petition for post-conviction relief. See, e.g., State v. Springs (Mar. 11, 1999), Mahoning App. No. 97CA68, unreported; State v. Parks (Sept. 15, 1998), Jefferson App. No. 96JE47, unreported. Therefore, appellants' first assignment of error is not well-taken and is overruled.
In his second assignment of error, Henderson argues that the trial court erred when it held that he was not entitled to the relief he sought because Henderson failed to pursue any error in sentencing through direct appeal. Errors in sentencing are waived when the defendant fails to take a direct appeal. State v. Combs (1991), 73 Ohio App.3d 823, 824. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." State v. Perry (1967), 10 Ohio St.2d 175, 180. Even if Henderson had timely filed his petition for post-conviction relief, pursuant to R.C. 2953.21(A)(2), he would still not be entitled to the relief he sought because he waived any errors in sentencing when he failed to file a direct appeal. State v. Szefcyk (1996), 77 Ohio St.3d 93; Perry; Combs, supra. Therefore, we find that the trial court did not err in overruling Henderson's petition. As such, Henderson's second assignment of error is not well-taken and is overruled.
In his third assignment of error, Henderson alleges that the trial court erred when it overruled his motion to suspend and vacate court costs. Because we found that Henderson waived any errors in sentencing when he failed to file a direct appeal, this assignment of error is overruled as moot.
Based on the foregoing, Henderson's first and second assignments of error are overruled, and his third assignment of error is overruled as moot. The judgments of the Franklin County Court of Common Pleas are affirmed.
Judgments affirmed.
BRYANT, P.J., and McCORMAC, J., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.