OPINION
Defendant-appellant, Anthony R. Wagoner, appeals his sentence in the Columbiana County Common Pleas Court on two counts of burglary and one count of breaking and entering.
On January 27, 1999, a Columbiana County Grand Jury returned an indictment against appellant setting forth three counts (Case No. 99-CR-16). Counts 1 and 3 were for burglary, in violation of R.C.2911.12(A)(2), a felony of the second degree. Count 2 was for breaking and entering, in violation of R.C. 2911.13(A), a felony of the fifth degree. Appellant was appointed counsel and pled not guilty. The case proceeded to discovery and other pretrial matters.
In the meantime, appellant was arrested for driving under suspension, improper passing, and falsification. He was also charged with attempted escape in county court and found guilty. He then committed another escape for which he was indicted on May 25, 1999 (Case No. 99-CR-103).
Apparently after reaching a plea agreement, appellant appeared in open court on August 25, 1999, and pled guilty to Counts 1 and 2 (Case No. 99-CR-16). On September 23, 1999, the trial court conducted a sentencing hearing. The court sentenced appellant to four years imprisonment for burglary and one year imprisonment for breaking and entering. The court ordered that the sentences be served concurrently with each other and concurrently with the sentence for escape in Case No. 99-CR-103.
On June 28, 2001, appellant filed a "MOTION TO CORRECT SENTENCE." Appellant asked the trial court to modify the four-year sentence to two years. Appellant argued that R.C. 2929.14(B) required that the court sentence him to the minimum sentence of two years since he had not previously served a prison term nor had the court recorded any finding that the minimum sentence would have demeaned the seriousness of his conduct or not adequately protect the public from future crime by him or others. On July 2, 2001, the court denied appellant's motion. Although it did not use the "magic words," the court stated that it clearly intended to deviate from the minimum based on its view that the minimum sentence would demean the seriousness of appellant's conduct and not adequately protect the public from future crime by appellant or others. This appeal followed.
Appellant's sole assignment of error states:
 "THE TRIAL COURT ERRED IN NOT IMPOSING THE MINIMUM SENTENCE AND IN DENYING THE APPELLANT'S MOTION TO CORRECT SENTENCE."
Appellant argues that R.C. 2929.14(B) required that the court sentence him to the minimum sentence of two years since he had not previously served a prison term nor had the court recorded any finding that the minimum sentence would have demeaned the seriousness of his conduct or not adequately protect the public from future crime by him or others.
R.C. 2929.14(B) provides:
 "Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
Appellant's argument is without merit. First, appellant took no direct appeal of his sentence and, therefore waived any alleged error. See Statev. Combs (1991), 73 Ohio App.3d 823, 824, citing State v. Perry (1967),10 Ohio St.2d 175.
Second, even if appellant's "MOTION TO CORRECT SENTENCE" were construed as a petition for post-conviction relief under 2953.21, it was untimely. The petition must be filed no later than one hundred eighty days after the expiration of the time for filing the appeal. Consequently, the trial court lacked jurisdiction to consider the arguments contained in the motion. See State v. Barber (Feb. 26, 2001), 5th Dist. No. 00 CA 49.
Last, the trial court corrected the alleged error. In its July 2, 2001 judgment entry ruling on appellant's motion, the court clarified its original intent and went on to specifically find on the record that the minimum sentence would demean the seriousness of appellant's conduct and not adequately protect the public from future crime by appellant or others.
Accordingly, appellant's sole assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
Vukovich, J., and Waite, J., concur.