OPINION
{¶ 1} Defendant-appellant, Joe Morris ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, in which that court denied appellant's petition for post-conviction relief. For the following reasons, we affirm.
 {¶ 2} On April 30, 2002, appellant pled guilty to one count of engaging in a pattern of corrupt activity, three counts of aggravated robbery and one count of aggravated burglary, all felonies of the first degree; and one count of felonious assault, a felony of the second degree. On May 1, 2002, the trial court sentenced appellant to an aggregate sentence of 35 years of imprisonment. Appellant did not appeal his sentence.
 {¶ 3} On June 20, 2005, appellant filed with the trial court a motion entitled, "Motion for Vacation of Void Judgment Remand for Correct Sentence to be Imposed." Therein, he argued that his sentences were unlawful under the decision of the United States Supreme Court in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403. The court appropriately treated appellant's motion as a petition for post-conviction relief, pursuant to R.C. 2953.21. The court determined that the petition was untimely and that Blakely did not create a new right justifying consideration of the petition notwithstanding its untimeliness. Therefore, the court found that it lacked jurisdiction to consider the petition, and denied it.
 {¶ 4} On appeal, appellant advances three assignments of error for our review, as follows:
1. The trial court error (sic) by imposing a nonminimum sentence without specifically finding the factors set forth in O.R.C. 2929.14(B).
2. The trial court error (sic) in ordering consecutive sentence[s] without specifically finding the factors enumerated in O.R.C. 2929.14(E)(4).
A) The trial court did not make the findings required by 2929.14(E)(4) to justify the consecutive sentence.
B) The trial court failed to give adequate reasons for the consecutive sentence as required by 2929.19(B).
3. The trial court error (sic) in imposing a term of incarceration without properly considering the purposes of felony sentencing pursuant to 2929.11 and 2929.12.
 {¶ 5} Appellant's assignments of error do not challenge the trial court's denial of post-conviction relief, and do not seek to resurrect the argument that his sentences are unlawful underBlakely; rather, they challenge the trial court's original imposition of sentence on the grounds that the court failed to adhere to the requirements of then applicable sentencing statutes.
 {¶ 6} Sentencing errors are waived when the defendant fails to take a direct appeal from the sentence. State v. Henderson
(Dec. 18, 2001), 10th Dist. No. 01AP-414, citing State v.Combs (1991), 73 Ohio App.3d 823, 598 N.E.2d 815. See, also,State v. Szefcyk (1996), 77 Ohio St.3d 93, 671 N.E.2d 233. Because appellant failed to take a direct appeal from his sentence, he is precluded from seeking relief based on alleged errors in the sentencing process. Therefore, appellant's assignments of error are not well-taken and are overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Klatt, P.J., and Bryant, J., concur.