OPINION
{¶ 1} Appellant James Tribble appeals his resentencing on a probation violation stemming from his conviction for having a weapon while under a disability and improperly handling a firearm in a motor vehicle. At his initial sentencing, the Mahoning County Court of Common Pleas imposed a five-year prison term, held the prison term in abeyance, and placed Appellant in an in-house program to treat his substance abuse issues. The court ordered a status conference to take place prior to his release from the drug abuse program.
 {¶ 2} Appellant violated the terms of the drug abuse program. A different judge repeated that the court had imposed a five-year prison term and that the prison term was being held in abeyance. The court then imposed a sentence of two years of reporting community control to be monitored by the Adult Parole Authority.
 {¶ 3} Appellant yet again violated his community control, and a third judge found him in violation and ordered him to serve the five-year prison term that had been held in abeyance.
 {¶ 4} Appellant contends that he was never sentenced to community control in the original sentencing judgment entry. Thus, he concludes that he could not have violated community control and could not be forced to serve a prison term for violating any terms of community control. Appellant is mistaken in his assertion. The original trial judge who sentenced Appellant clearly stated that she was imposing a five-year prison term, but allowed Appellant to enter treatment while the prison term was in abeyance. The judge told Appellant that if he committed one violation of the program, he would serve the full five-year prison term. The language the court used *Page 2 
satisfies the requirements of R.C. 2929.19(B)(5) and State v.Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837. Furthermore, Appellant failed to file an appeal of either of the judgment entries that imposed a definite prison term of five-years and that held the prison term in abeyance. Based on prior rulings from this Court, Appellant was required to appeal those judgments in order to correct any error with respect to suspending or placing in abeyance a definite prison term. Finally, Appellant invited and benefitted from any error which may have occurred, particularly in entering into the agreed sentence reflected in the September 13, 2007, Judgment Entry. For these reasons, the judgment of the trial court is affirmed.
 HISTORY OF CASE {¶ 5} Appellant was indicted on October 26, 2006, on one count of having a weapon under a disability, a third degree felony under R.C. 2923.13(A)(3), and one count of improperly handling a firearm in a motor vehicle, a fourth degree felony under R.C. 2923.16(B). Appellant entered into a Crim. R. 11 guilty plea on March 1, 2007. The court held a sentencing hearing on April 20, 2007. At the hearing, the initial trial judge informed Appellant that she was imposing a five-year prison term and that she was holding the prison term in abeyance while he attended an in-house treatment program. Appellant was sentenced to five years in prison on count one, and 18 months on count two, to be served concurrently. Appellant did not appeal this sentence.
 {¶ 6} On July 13, 2007, Appellant's probation officer filed a probation violation, alleging that Appellant twice tested positive for alcohol. Appellant was also *Page 3 
heard to have said that, "I was using mouthwash to get a buzz." The court held a hearing on September 7, 2007. A new trial judge entered two judgment entries on September 13, 2007. The first entry states that the parties entered into an agreed judgment that Appellant would be placed on two years of community control to be supervised by the Adult Parole Authority. As a condition of parole, Appellant was required to successfully complete the in-house program at Glenbeigh Hospital in Rock Creek, Ohio. The second judgment entry repeated that Appellant had been sentenced to five years in prison, that the sentence was being held in abeyance, and he would be serving two years of community control.
 {¶ 7} On October 19, 2007, the state filed another notice of probation violation. In the notice it was alleged that Appellant had been arrested for possession of crack cocaine and possession of drug paraphernalia, along with other violations. Appellant stipulated to the probable cause of his probation violation. The court held a hearing on October 29, 2007. A third trial judge filed a judgment entry on October 31, 2007. The court found that Appellant had committed a probation violation. The court found that Appellant had been sentenced to five years in prison and that the sentence had been held in abeyance. The court ordered Appellant to serve five years in prison on count one, and 18 months for count two, to be served concurrently. He was also ordered to serve three years of post-release control.
 {¶ 8} On November 8, 2007, Appellant filed this appeal.
 STANDARD OF REVIEW *Page 4 {¶ 9} Appellant does not state the legal authority that would allow him to appeal his felony sentence, but presumably he is relying on R.C. 2953.08(A)(4) which states:
 {¶ 10} "(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
 {¶ 11} "* * *
 {¶ 12} "(4) The sentence is contrary to law."
 {¶ 13} The standard of review of a felony sentence appeal is found in R.C. 2953.08(G)(2):
 {¶ 14} "(G)(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 {¶ 15} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 16} "* * *
 {¶ 17} "(b) That the sentence is otherwise contrary to law." *Page 5 
 {¶ 18} In reviewing felony sentences, the appellate courts must use a two-step approach. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard." State v. Kalish, 120 Ohio St.3d 23,2008-Ohio-4912, 896 N.E.2d 124, ¶ 26.
 ASSIGNMENT OF ERROR {¶ 19} "APPELLANT WAS NOT PLACED ON COMMUNITY CONTROL AT HIS SENTENCING HEARING, THEREFORE THE TRIAL COURT LACKED THE AUTHORITY TO IMPOSE THE FIRST PROBATION VIOLATION, AND SUBSEQUENTLY THE SECOND VIOLATION."
 {¶ 20} Appellant contends that the trial court failed to give him the required notice found in R.C. 2929.19(B)(5) regarding the amount of prison time that would be imposed if he violated his community control sanctions. R.C. 2929.19(B)(5) states:
 {¶ 21} "(5) If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notifythe offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive *Page 6 
sanction, or may impose a prison term on the offender and shall indicatethe specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code." (Emphasis added.)
 {¶ 22} Appellant contends that such notice is strictly required, as discussed in State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473, and State v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746,814 N.E.2d 837. In Brooks, the Ohio Supreme Court held that a defendant must be notified at his or her sentencing hearing as to the specific prison term that will be imposed if the terms of community control are violated. Id. at ¶ 19. The court is free to impose a less severe prison term in light of the actual community control violation, but the court must nevertheless give notice to the defendant as to the specific maximum prison term that may be imposed upon the finding of a violation. Id. at ¶ 23.
 {¶ 23} The record of each of the three sentencing entries in this case indicates that three different trial judges notified Appellant that he received a five-year prison term, that it was being held in abeyance during treatment, and that he would return to prison for five years if he failed to complete the terms of the drug program. During the sentencing hearing of April 20, 2007, the first trial judge told Appellant: "You have one chance with me. You mess up one time at CCA, one time, you will go to prison for five years." (Tr., p. 23.) That is about as clear a statement as a trial judge could make regarding the prison term that would be imposed if Appellant did not successfully complete the treatment program. *Page 7 
 {¶ 24} It is evident from the record that the first trial judge did not violate the requirements of R.C. 2929.19(B)(5) or Brooks.
Nevertheless, Appellant argues that the subsequent judges who presided over his case could not force him to serve any prison term based on a probation violation because he was not sentenced to probation in the original sentencing entry of April 24, 2007. In that original sentencing entry, the trial judge stated that she was imposing a five-year prison term, that imprisonment was commensurate with the seriousness of Appellant's conduct, that the prison sentence was consistent with sentences for similar crimes, and that, "the Defendant is not amenable to community control." (4/24/07 J.E., p. 1.) Appellant contends that the court did not sentence him to community control, and therefore, he could not have committed a community control violation. If he could not commit a community control violation, then, using his logic, he could not be sent to prison.
 {¶ 25} Appellant's argument is not convincing. First, under Appellant's theory, he has no reason to complain about serving his five-year prison sentence because, by his own argument, that was the only sentence lawfully imposed on him. The second and third trial judges did not need to find that he committed any probation violations to send him to prison because, according to Appellant, the only valid sentence in the record is the one sentencing him to five years in prison.
 {¶ 26} A second problem with Appellant's argument is that he is predicating error based on judgment entries filed on April 24, 2007, and September 13, 2007, even though he did not file appeals of either of those judgments. In order to avoid *Page 8 
the prison term imposed on October 31, 2007, Appellant needed to prove that there was some error in the original sentence that clearly imposes a five-year prison term, such that he does not need to serve that prison term. We have dealt with a very similar situation in the past in the case of State v. Baker, 152 Ohio App.3d 138, 2002-Ohio-7295,787 N.E.2d 17. In Baker, the trial judge imposed a prison term of eighteen months for a fourth degree felony theft charge, and the trial court then suspended the sentence, similar to the situation in the instant case in which the court held the prison sentence in abeyance. The trial judge inBaker further ordered the defendant to complete a 6-month treatment program and to serve five years of community control sanctions. The defendant in Baker did not appeal that judgment.
 {¶ 27} The defendant in Baker then violated the terms of probation and was sentenced to 30 days in jail. The defendant committed subsequent probation violations, and the court revoked probation and reimposed the original 18-month prison term.
 {¶ 28} In Baker, as in the instant case, the defendant argued that the court failed to comply with R.C. 2929.19(B)(5). In reviewing the defendant's argument, we held that:
 {¶ 29} "Whether or not the trial court properly imposed a prison term and then suspended the sentence is certainly an issue which this court has authority to review, and we have reviewed similar errors many times. If appellant disagreed with the trial court's original judgment which imposed a prison term and then suspended sentence, he should have filed a direct appeal of the original sentencing order. If a sentencing *Page 9 
error could have been raised in a direct appeal and was not raised, that error is deemed to have been waived. State v. Combs (1991),73 Ohio App.3d 823, 825, 598 N.E.2d 815. As this court recently stated:
 {¶ 30} "`Although it is questionable whether the trial court * * * had the authority to impose and then suspend a felony prison sentence, Appellant should have raised this issue by means of a direct appeal of the original sentencing order.' State v. Pitts (Mar. 14, 2001), 7th Dist. No. 99 BA 67, 2001 WL 273838.
 {¶ 31} "Because the trial court actually imposed the eighteen-month prison sentence on November 4, 1999, appellant should have appealed the sentence at that time. Appellant could have argued in a direct appeal that the eighteen-month maximum prison sentence should not or could not have been imposed, or that the felony sentencing factors were not considered when the court imposed the prison term in the first place. In other words, the issues now being argued by appellant could have been, and should have been, argued in a previous appeal." Id. at ¶ 20-22.
 {¶ 32} Here, Appellant is faced with the same problem as the defendant in Baker. Appellant cannot succeed on appeal unless he successfully overcomes the fact that he was actually sentenced to five years in prison in his original sentencing entry, which means he needs to establish error in the imposition of his original sentence. However, he did not appeal that sentence. Pursuant to the doctrine of res judicata, "any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings."State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16. The trial court's action *Page 10 
placing a felony prison sentence in abeyance along with ordering a treatment program, rather than simply imposing a community control sanction, may or may not have been reversible error had Appellant raised it at the proper time. Errors not raised at the appropriate time, though, are deemed waived or forfeited, even if those errors have unforeseen consequences. We also note that, pursuant to R.C. 2953.08(D), a criminal defendant is not permitted to appeal a sentence that is jointly recommended and that is accepted by the trial judge. It appears that R.C. 2953.08(D) would have been relevant if Appellant had appealed his initial sentence, adding yet another reason to apply the doctrines of res judicata and waiver to the instant appeal.
 {¶ 33} A third problem with Appellant's argument is that he induced any errors that may have occurred and appears to have benefitted by them. At his first sentencing hearing he pleaded with the trial judge to put him in some type of private long-term drug treatment program because of previous failures in completing community control drug programs. All the parties at the hearing, including Appellant's father who volunteered to inquire into and pay for private treatment, attempted to formulate an appropriate sentence so that Appellant could get long-term treatment for his serious drug addictions. Although certain programs were discussed and proposed at the sentencing hearing, the parties all recognized that Appellant might not qualify for them and might not be able to afford them. The trial judge's solution was to impose an actual five-year prison term, hold the term in abeyance, and send Appellant to the Corrections Corporation of America facility in Youngstown *Page 11 
while the parties investigated options for long-term treatment. In this way, the trial judge retained control over the case so that Appellant could be moved to long-term treatment if it were found. Thus, it appears that the judge achieved the result that Appellant sought at the initial sentencing.
 {¶ 34} In the second sentencing hearing, Appellant entered into a jointly recommended sentence of two years of community control sanctions and treatment at Glenbeigh Hospital in Rock Creek, Ohio. (9/13/07 J.E.) Once again, given that the sentence was recommended by Appellant, he cannot predicate any error on appeal arising from that sentence. R.C. 2953.08(D). Appellant's violation of the terms of probation in the second sentencing entry resulted in the reimposed five-year prison term in the third sentencing entry. By entering into an agreed sentence that imposed community control sanctions, Appellant cannot now argue that the court had no legal basis to find that he violated the terms of community control. Pursuant to the "invited error" doctrine, appellant cannot now assert sentencing errors that appellant himself induced the court to make. State v. Kniep (1993), 87 Ohio App.3d 681, 686, 622 N.E.2d 1138.
 {¶ 35} There are at least three reasons why Appellant's assignment of error must be overruled. First, the record indicates that the trial judge who first sentenced Appellant used the correct language to explain to him that he was being sentenced to five years in prison, and that the prison term would be imposed if he violated the terms of his drug abuse treatment program. Second, Appellant failed to appeal the judgment entry that contains the alleged error that he is raising on appeal, and thus, *Page 12 
he has waived arguments with respect to that judgment. Third, Appellant invited any error by entering into an agreed sentence in which he would be held accountable for violating the terms of community control sanctions. For these reasons, the judgment of the trial court is affirmed.
Donofrio, J., concurs.
DeGenaro, J., concurs in judgment only. *Page 1