[Cite as *State v. Clark*, 2012-Ohio-5570.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                                   )
                                                 )
     PLAINTIFF-APPELLEE,                        )
                                                 )
V.                                               )        CASE NO. 12-MA-1
                                                 )
GEORGE CLARK,                                    )          OPINION
                                                 )
     DEFENDANT-APPELLANT.                       )

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Criminal Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 10CR471 |
| JUDGMENT: | Affirmed |

APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee | Paul Gains<br>Prosecutor<br>Ralph M. Rivera<br>Assistant Prosecutor<br>21 W. Boardman St., 6th Floor<br>Youngstown, Ohio 44503 |
| For Defendant-Appellant | George Clark, Pro-se<br>#621-660<br>Richland Correctional Institution<br>1001 Olivesburg Rd.<br>P.O. Box 8107<br>Mansfield, Ohio 44901 |

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: November 27, 2012

DONOFRIO, J.

{¶1} Defendant-appellant George Clark appeals from a Mahoning County Common Pleas Court decision revoking his community control and sentencing him to four years in prison.

{¶2} On August 5, 2010, Clark pleaded guilty to one count of burglary, a second-degree felony. R.C. 2911.12(A)(2)(C)(D). On September 30, 2010, the trial court sentenced Clark to two years of community control with reporting to be monitored by the Adult Parole Authority. Clark never sought to appeal that decision.

{¶3} Subsequently, on July 5, 2011, plaintiff-appellee State of Ohio filed a motion to revoke Clark's community control alleging that he violated the first condition of his community control which was to obey all federal, state, and local laws, by committing an aggravated robbery. The trial court held a probable cause hearing, found that probable cause did exist, and ordered Clark held without bond pending his probation violation hearing.

{¶4} The court held the probation violation hearing on December 14, 2011. Steve Cochran, one of the victims, testified that on the day of the robbery he was at his home on a computer while his friend, Mas, was in the garage. He testified that upon hearing the front door open, he walked out of the bedroom into the hallway and saw a white male standing there pointing a gun at him while Clark stood off to the side. Cochran was familiar with Clark because he had dated his sister. However, he did not know his last name and knew him only by his first name, George. He testified that Clark walked over to him, struck him in the face, and then went through drawers and a desk in the bedroom. Cochran stated that Clark took the computer monitor and asked about an iPod. After Clark and his accomplice left the house, Cochran noticed that in addition to the monitor Clark took, a Playstation was also missing. Cochran's friend Mas called the police. Upon cross-examination, Cochran acknowledged that he did not identify Clark or Clark's previous relationship with his sister in his statement to police describing the events that took place. Nonetheless, in court, Cochran identified Clark as the person who had robbed him.

{¶5} Detective-Sergeant Daniel Kosco, who investigated the robbery, stated that he was not able to obtain any fingerprints with sufficient detail to allow

identification, but he obtained a vehicle description which matched Clark's car. Det. Kosco arrested Clark who denied having any involvement. Det. Kosco also learned that Clark recently sold a computer monitor to a local computer store. When Det. Kosco showed Clark a picture of himself in that store, Clark responded that he could only be charged with receiving stolen property. Because of confusion surrounding the serial number on the monitor, Det. Kosco was never able to confirm that the one Clark sold to the computer store was the same one taken from the victim's home.

{¶6} Following the hearing, the trial court found Clark to have violated community control and sentenced Clark to four years in prison. This appeal followed.

{¶7} Clark's attorney filed a motion pursuant to *Anders v. California*, 386 U.S 738, 87 S.Ct. 1396, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), on March 12, 2012, stating that he had diligently and thoroughly researched all potential issues that could be raised on appeal (including the weight of the evidence argument subsequently made by Clark pro se) and found no possible assignment of error that could be supported by a good faith argument, and asked for permission to withdraw. Clark's attorney sent him a copy of the brief and he was given thirty days from December 16, 2011, to file his own brief, which he did.

{¶8} This court has used the standard it set in *State v. Toney* for cases when an *Anders* brief is filed. In *Toney,* this court recognized an indigent defendant's constitutional right to court-appointed counsel for direct appeal of their conviction. *Id.*, at paragraph one of the syllabus. After a conscientious examination of the record, counsel should present any assignments of error which could arguably support the appeal. *Id.*, at paragraph two of the syllabus. If instead counsel determines that the defendant's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, then counsel should inform the appellate court and the defendant of that by brief and ask to withdraw as counsel of record. *Id.*, at paragraph three and four of the syllabus. The defendant is then given the opportunity to raise, pro se, any assignments of error he chooses. *Id.*, at paragraph four of the syllabus. The appellate court then is duty bound to examine the record,

counsel's brief, and any pro se arguments, and determine if the appeal is wholly frivolous. *Id.*, paragraph five of the syllabus. If after determining that the appeal is wholly frivolous, then the appellate court should permit counsel to withdraw and affirm the judgment of conviction and sentence. *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970). Clark has filed a pro se appellate brief in this case and his arguments will be summarized and divided into three sections for ease of analysis.

{¶9} Clark's first assignment of error states that the trial court abused its discretion when it concluded that he violated the terms and conditions of his community control sanctions.

{¶10} Initially, it should be noted that "[w]ith respect to a community control violation for failure to obey the law, * * * whether a defendant is actually convicted of an offense is immaterial, if the trial court examines the evidence and concludes that appellant failed to obey federal, state, or local laws." *State v. Kincer*, 12th Dist. No. CA2005-07-059, 2006-Ohio-2249, ¶8, f.n. 2. See, also, *State v. Hylton*, 75 Ohio App.3d 778, 600 N.E.2d 821 (4th Dist.1991) (probation violated based upon charge of domestic violence despite later dismissal of charge by probationer's wife); *State v. Delaney*, 11 Ohio St.3d 231, 465 N.E.2d 72 (1984) (conduct surrounding a probation violation based on a nonarrestable offense).

{¶11} "The quantum of evidence required to support a revocation of probation is not 'beyond a reasonable doubt' but merely evidence of a substantial nature showing that the probationer has breached a term or condition of his probation." *State v. Walker*, 7th Dist. No. 93-J-48, 1995 WL 447663, *4 (July 26, 1995), citing *State v. Mingua*, 42 Ohio App.2d 35, 40, 327 N.E.2d 791 (10th Dist.1974). In addition to the lowered standard of proof, probation-revocation hearings are not subject to the rules of evidence. Evid.R. 101(C)(3). When the State meets its burden, the court is given wide latitude to revoke probation. *Columbus v. Bickel*, 77 Ohio App.3d 26, 38, 601 N.E.2d 61 (10th Dist.1991). Thus, a trial court's decision to revoke probation is reviewed only for an abuse of discretion. *State v. Scott*, 6 Ohio

App.3d 39, 41, 452 N.E.2d 517 (2d Dist.1982). The term "abuse of discretion" implies that the court's ruling was "unreasonable, arbitrary, or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶12} Clark argues that the court revoked his probation with no evidence showing that he had committed a crime and that the court relied on testimony that was not credible because the witness was influenced to identify Clark as the suspect. Clark argues that there were no fingerprints recovered from the scene and there was ultimately no credible evidence linking him to the robbery.

{¶13} The State called Steven Cochran as a witness to testify against Clark. Cochran was at home when Clark entered into his home uninvited with an armed accomplice. Cochran testified that Clark struck him in the face and then took a computer monitor. Cochran stated that he recognized Clark as Clark used to date his sister. He stated that he did not originally give Clark's name to the police because he only knew him by his first name George.

{¶14} The State also called Det. Dan Kosco who investigated the robbery. Det. Kosco stated that he spoke with Lieutenant Grahovac who obtained a vehicle description from a neighbor. The description of the vehicle from the robbery matched that of Clark's vehicle. Det. Kosco also testified that there was a picture of Clark inside the computer store where he was attempting to sell a computer monitor.

{¶15} Given the testimony of the victim as well as that of the investigating officer and the fact that Clark's car matched the description given by a witness, the trial court was within its discretion to find that Clark had violated his community control. There were grounds to find that the evidence introduced by the State was more persuasive than Clark's denial of the crime.

{¶16} Accordingly, Clark's first assignment of error is without merit.

{¶17} Clark's second assignment of error states that the trial court erred when it sentenced appellant to a four-year term of incarceration for violating the terms and conditions of his community control sanctions.

{¶18} Clark contends that the trial court erred at the original September 30,

2010 sentencing hearing following his guilty plea to burglary when it failed to notify him of the specific term of incarceration that he faced if he violated the terms and conditions of his community control. R.C. 2929.19(B)(5) states:

> If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. *The court shall notify the offender that, if the conditions of the sanction are violated*, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, *the court may impose* a longer time under the same sanction, may impose a more restrictive sanction, or may impose *a prison term on the offender and shall indicate the specific prison term that may be imposed* as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code.

(Emphasis added.)

{¶19} The Ohio Supreme Court clearly spelled out R.C. 2929.19(B)(5)'s requirements in its syllabus to *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 614 N.E.2d 837:

> 1. Pursuant to R.C. 2929.19(B)(5), a trial court sentencing an offender to a community control sanction is required to deliver the statutorily detailed notifications at the sentencing hearing. (*State v. Comer,* 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, applied and followed.)
>
> 2. Pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term

that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation.

**{¶20}** The State argues that this court cannot make a determination of whether the trial court properly notified Clark because he has not provided this court with a transcript of the September 30, 2010 sentencing hearing. While it is true that Clark has failed to provide this court with a transcript of the September 30, 2010 sentencing hearing to substantiate his claim, Clark's case presents a larger jurisdictional problem – he never appealed the September 30, 2010 sentencing decision. This court dealt with a similar situation in *State v. Baker*, 152 Ohio App.3d 138, 2002-Ohio-7295, 787 N.E.2d 17. In *Baker*, the trial court sentenced a defendant to an 18-month prison term for fourth-degree-felony theft. The trial court then suspended the sentence and ordered the defendant to complete a 6-month treatment program and to serve 5 years of community control. The defendant did not appeal that judgment. The defendant then violated the terms of probation and the trial court sentenced him to 30 days in jail. The defendant committed subsequent violations of his community control, and the court revoked community control and reimposed the original 18-month prison term.

**{¶21}** In *Baker,* as in the instant case, the defendant argued that the court failed to comply with R.C. 2929.19(B)(5). In reviewing the defendant's argument, we held that "[i]f appellant disagreed with the trial court's original judgment which imposed a prison term and then suspended sentence, he should have filed a direct appeal of the original sentencing order. If a sentencing error could have been raised in a direct appeal and was not raised, that error is deemed to have been waived. *State v. Combs* (1991), 73 Ohio App.3d 823, 825, 598 N.E.2d 815." *Id.* at ¶20. *Accord State v. Tribble*, 7th Dist. No. 07 MA 205, 2009-Ohio-1311.

**{¶22}** Here, Clark faced the same problem as the defendant in *Baker*. Clark is seeking to establish error in the imposition of the original sentence. However, he did not appeal that sentence. Pursuant to the doctrine of res judicata, "any issue that

could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." *State v. Saxon,* 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶16. The trial court's notifications to Clark concerning what would happen if he violated the community control sanctions may or may not have been reversible error had he raised it at the proper time. He did not. "Errors not raised at the appropriate time * * * are deemed waived or forfeited, even if those errors have unforeseen consequences." *State v. Tribble*, 7th Dist. No. 07 MA 205, 2009-Ohio-1311, ¶32.

{¶23} Accordingly, Clark's second assignment of error is without merit.

{¶24} Clark's third assignment of error states that the trial court issued an improper notification as to the evidence that it relied upon and the reasons for revoking appellant's community control at the violation hearing.

{¶25} Clark contends that the trial court failed to issue a written statement of the evidence that the court relied upon in determining to revoke his community control, therefore denying him his due process rights.

{¶26} The State argues that the court's oral statements made on the record at the violation hearing satisfied Clark's due process rights.

{¶27} This court has previously held that a trial court's oral recitation of its findings and reasons for revoking the defendant's probation does not violate due process. *State v. Winter,* 7th Dist. No. 791, 1999 WL 260900 (Apr. 27, 1999). We found, as did the Ohio Supreme Court in *Delaney, supra* that a court's oral statements on the record regarding its findings and reasons for revoking a defendant's probation were sufficient to inform them and to provide a record for review on appeal. *See* 11 Ohio St.3d at 234-235, 465 N.E.2d 72.

{¶28} Accordingly, Clark's third assignment of error is without merit.

{¶29} Upon review of the assignments of error Clark raised pro se, we find each of them to be without merit and are overruled. In response to the no-merit brief filed by Clark's appointed appellate counsel and upon on our own independent review of the record, we find that there are no non-frivolous issues for review and

counsel's motion to withdraw is granted.  The judgment of the trial court is hereby affirmed.

Vukovich, J., concurs.

Waite, P.J., concurs.