[Cite as *State v. Brackins*, 2014-Ohio-3573.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 13AP-904 |
| | | (M.C. No. 09CR-6817) |
| v. | : | No. 13AP-905 |
| | | (M.C. No. 09CR-1476) |
| Ryan S. Brackins, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 19, 2014

*Richard C. Pfeiffer*, *Jr.*, City Attorney, and *Melanie R. Tobias*, for appellee.

*Yeura R. Venters*, Public Defender, and *David L. Strait*, for appellant.

APPEALS from the Franklin County Municipal Court

SADLER, P.J.

{¶ 1} Defendant-appellant, Ryan S. Brackins, appeals from judgments of the Franklin County Municipal Court revoking his community control and ordering him to serve the remainder of the suspended sentences previously imposed by that court. For the reasons that follow, we affirm.

I. BACKGROUND

{¶ 2} On January 18, 2009, appellant was charged in case No. 09CR-1476 with domestic violence and assault, both first-degree misdemeanors. While on bond, appellant was charged in case No. 09CR-6817 with assault, domestic violence, aggravated menacing, and two acts of violation of a protection order, all as first-degree misdemeanors. On April 13, 2009, appellant entered pleas of guilty to domestic violence,

as alleged in case No. 09CR-1476, and violation of a protection order and domestic violence, as alleged in case No. 09CR-6817. All remaining charges were dismissed.

{¶ 3} Appellant was sentenced in case No. 09CR-1476 to 180 days in jail, with three days credited for time served and 177 days suspended with three years of community control. Similarly, in case No. 09CR-6817, appellant was sentenced on each conviction to 180 days in jail, with 13 days credited for time served and 167 days suspended with three years community control. All of the sentencing entries indicate that the sentences were to be served consecutively for a total of 511 days. Appellant did not appeal either the convictions or sentences imposed on April 13, 2009.

{¶ 4} On four separate occasions, the probation department filed statements of violations against appellant alleging that appellant had violated one or more terms of his community control. Accordingly, community control revocation hearings occurred on February 18 and September 21, 2011, January 7 and September 26, 2013. At each hearing, appellant stipulated to probable cause for the violations and to violating one or more terms of his community control. After the first three revocation hearings, the trial court continued appellant's community control. However, at the conclusion of the fourth revocation hearing, the trial court revoked appellant's community control and ordered him to serve the remainder of the suspended jail sentences consecutively for a total of 425 days.

## II. ASSIGNMENT OF ERROR

{¶ 5} Appellant appealed from the September 26, 2013 judgment entries revoking his community control and brings the following assignment of error for our review:

> The trial court erred in imposing maximum, consecutive sentences.

{¶ 6} In his sole assignment of error, appellant contends the trial court erred in imposing maximum, consecutive sentences without discussion of the factors set forth in R.C. 2929.21 and 2929.22. Plaintiff-appellee, State of Ohio, counters that we should not reach the merits of appellant's argument because the alleged error has been waived by appellant's failure to appeal the original sentencing entries of April 13, 2009, in which the maximum, consecutive sentences were imposed. Alternatively, appellee asserts that when

imposing a sentence on a misdemeanor, a trial court is not required to state its consideration of sentencing factors on the record.

{¶ 7}   As concluded in *State v. Tribble*, 7th Dist. No. 07 MA 205, 2009-Ohio-1311, if an appellant disagrees with the trial court's original judgment that imposes a term of incarceration and then suspends the sentence, the appellant should file a direct appeal of the original sentencing order because " '[i]f a sentencing error could have been raised in a direct appeal and was not raised, that error is deemed to have been waived.' "  *Id.* at ¶ 29, quoting *State v. Combs*, 73 Ohio App.3d 823, 825 (2d Dist.1991).  *See also State v. Baker*, 152 Ohio App.3d 138, 2002-Ohio-7295 (7th Dist.) (if no appeal is taken from a judgment that imposes and then suspends a sentence, errors concerning the imposition of the sentence are deemed waived); *State v. Pitts*, 6th Dist. No. L-05-1212, 2005-Ohio-5461 (a sentencing error that could have been raised in a direct appeal, but was not, is deemed waived and cannot be raised in an appeal after the sentence is reimposed upon a violation of community control); *State v. Frambach*, 9th Dist. No. 92CA005395 (Mar. 24, 1993) (an order suspending the imposition of a sentence and placing the defendant on probation is a final order from which an appeal can be taken); *State v. Jackson*, 8th Dist. No. 63672 (Sept. 2, 1993) (errors in sentencing are waived when the defendant fails to take a direct appeal).

{¶ 8}   The only error asserted in this appeal taken from the trial court's judgment that revoked appellant's probation and ordered appellant to serve the remainder of his suspended sentences pertains to the trial court's alleged lack of consideration of the sentencing factors contained in R.C. 2929.21 and 2929.22.  Unlike a situation where a court directly places a defendant on community control, here, the record reflects that the sentences appellant now challenges, i.e., maximum, consecutive jail terms, were imposed on April 13, 2009.  The sentences were then suspended and appellant was placed on community control.  In accordance with the above-cited authorities, the alleged error of imposing these sentences without sufficient consideration of the factors contained in R.C. 2929.21 and 2929.22 is deemed waived for failure to appeal from the original sentencing entries rendered on April 13, 2009.  Accordingly, we overrule appellant's single assignment of error.

## III.  CONCLUSION

{¶ 9}   Having overruled appellant's sole assignment of error, the judgments of the Franklin County Municipal Court are hereby affirmed.

*Judgments affirmed.*

TYACK and O'GRADY, JJ., concur.

_____