DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a sentence of the Wood County Court of Common Pleas in which appellant was found to be in violation of community control sanctions and was sentenced to a term of incarceration of eight years for kidnapping and a concurrent term of four years for felonious assault. For all of the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appellant sets forth the following four assignments of error: *Page 2 
 {¶ 3} "First assignment of error
 {¶ 4} "The trial court erred to the prejudice of appellant by imposing a prison sentence contrary to law and provisions of O.R.C. §§ 2929.15(B) and 2929.19(B)(5).
 {¶ 5} "Second assignment of error
 {¶ 6} "The trial court sentenced appellant contrary to law, and disregarded the principles and purposes of sentencing as espoused in O.R.C. §§ 2929.11 and 2929.20.
 {¶ 7} "Third assignment of error
 {¶ 8} "The trial court abused its discretion and denied appellant due process when it denied his motion for continuance.
 {¶ 9} "Fourth assignment of error
 {¶ 10} "Appellant received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Constitution of the State of Ohio."
 {¶ 11} The following undisputed facts are relevant to the issues raised on appeal. This case is rooted in an incident involving appellant and his girlfriend in November 2003. On November 15, 2003, appellant, Brock Thompson, and his girlfriend planned an evening of partying and dance clubs.
 {¶ 12} Over the course of the evening, they consumed substantial amounts of alcohol, traveled from Bowling Green, Ohio, to party at a nightclub in Toledo, and later returned and continued partying in Bowling Green. Their evening involved crack cocaine, alcohol, marijuana, and bar hopping. *Page 3 
 {¶ 13} In the context of this drug laden night, things became volatile between the parties. Following their return to Bowling Green, appellant and his girlfriend became engaged in an altercation in response to appellant's purchase of drinks for another girl at the nightclub where they had been partying earlier in Toledo.
 {¶ 14} The tension between the parties quickly degenerated. Appellant secured the keys to his girlfriend's car, drove off in the vehicle with his girlfriend against her will, and drove the vehicle quite recklessly in disregard to both of their lives. The girlfriend escaped by jumping from the moving vehicle and was assisted by a passing motorist.
 {¶ 15} Appellant was indicted on one count of kidnapping, in violation of R.C. 2905.01(B)(1), a felony of the first degree, and one count of felonious assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree. On August 30, 2004, appellant was found guilty of the charges against him and pursuant to a negotiated plea agreement, appellant was sentenced to a four year term of incarceration on the felonious assault conviction. Appellant was sentenced to five years community control for the kidnapping conviction.
 {¶ 16} The record establishes that at sentencing appellant was notified by the court that any violation of community control sanctions, "may lead to a more restrictive sanction, a longer period of community control, or a prison term of nine years."
 {¶ 17} On June 20, 2005, while an inmate at the North Central Correctional Institute in Marion, Ohio, appellant filed a pro se motion for judicial release in the trial *Page 4 
court. On August 1, 2005, after serving less than a year of his potential nine year term of incarceration, the trial court granted appellant's pro se motion for judicial release.
 {¶ 18} The record reflects that in granting appellant's motion for judicial release, the trial court specifically notified appellant that, "it may reimpose the remaining prison term if the offender would have any violations of community control."
 {¶ 19} Despite demonstrating leniency to appellant and granting him judicial release after serving less than a year, appellant committed serious violations of his community control sanctions disturbingly similar to the type of conduct that resulted in his initial incarceration.
 {¶ 20} On March 12, 2006, appellant was pulled over late at night by the Ohio State Highway Patrol in the vicinity of Napoleon, Ohio. As the state trooper approached appellant's vehicle, he ordered appellant to open the door and get out. In response, appellant restarted his vehicle and sped off with passengers still inside, recklessly compromising their safety and public safety.
 {¶ 21} This necessitated a high speed pursuit. Appellant abandoned the still moving vehicle and fled on foot. Appellant's passengers, his cousin and brother, disclosed appellant's identity to the troopers as having been the driver of the vehicle who escaped on foot. Appellant was promptly discovered a short distance away at his mother's home. Appellant was bleeding. Breath alcohol testing conducted by the Ohio State Highway Patrol revealed that appellant, who possessed no valid driver's license, was also under the influence. *Page 5 
 {¶ 22} On March 13, 2006, appellant's probation officer filed a community control violation report against appellant. On March 20, 2006, the state of Ohio filed a petition for revocation of community control against appellant. On Monday, April 3, 2006, the trial court conducted the community control violation hearing.
 {¶ 23} The preceding Friday, appellant filed a request for a continuance on the basis that appellant believed he would ultimately be found innocent of the underlying offenses. The trial court heard detailed testimony from one of the two troopers who witnessed appellant's conduct on March 12, 2006, and from appellant's probation officer.
 {¶ 24} Appellant presented testimony from his mother and also testified on his own behalf. The trial court found by clear and convincing evidence that appellant had violated the terms of his community control. The trial court determined that appellant consumed alcohol, drove without an operator's license, and drove while under the influence of alcohol. As such, the trial court found appellant in violation of his community control and sentenced appellant to an eight year term of incarceration. It is from this sentence imposed against appellant for his community control violations that appellant now appeals.
 {¶ 25} We have reviewed appellant's first two assignments of error and find them to be substantively analogous. We will therefore merge these two assignments of error and consider them simultaneously. *Page 6 
 {¶ 26} Appellant's first two assignments of error allege that appellant's community control sentence was contrary to Ohio sentencing law. In support, appellant argues that the disputed sentence is in violation of R.C. 2929.15(B) and R.C. 2929.19(B)(5).
 {¶ 27} R.C. 2929.19(B)(5) establishes that when a sentencing court imposes community control it must notify the offender that violations of the conditions of community control could result in a more restrictive sanction, a longer term under the same sanction, or a specific term of imprisonment. R.C. 2929.15(B) establishes that any prison term imposed in response to a community control violation may not exceed the term of imprisonment specified in the notice given to the offender at the sentencing hearing.
 {¶ 28} The above statutory sentencing principles have been reinforced by the Supreme Court of Ohio in the controlling case of State v.Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, which stands for the proposition that sentencing courts must comply with both of these statutory sentencing provisions when sentencing an offender for a community control violation. In support of his argument, appellant relies primarily upon the derivative Brooks ruling of State v.Fraley, 105 Ohio St.3d 13, 2004-Ohio-7110.
 {¶ 29} We have carefully examined the Fraley holding and find it materially distinguishable from, and inapplicable to, this case. TheFraley decision was grounded in a factual scenario involving an offender who had committed multiple acts of community control violations on multiple occasions. As such, the trial court was deliberating on whether multiple instances of community control violations on multiple occasions *Page 7 
modifies sentencing notification requirements. By contrast, in the matter before us, the disputed sentence was the result of appellant's first incident of community control violation.
 {¶ 30} In light of the inapplicability of Fraley, in order to ascertain the propriety of appellant's first two assignments of error, we must consider whether the trial court complied with R.C.2929.19(B)(5) and 2929.15(B). In order to be compliant with R.C.2929.19(B)(5) in imposing a community control sentence, the sentencing court must notify the offender at sentencing that the court may impose a longer term under the same sanction, may impose a more restrictive sanction, or may impose a specific prison term as a sanction for a violation. The record unambiguously shows that in sentencing appellant on August 30, 2004, the trial court specifically stated, "a violation of any of these sanctions may lead to a more restrictive sanction, a longer period of community control, or a prison term of nine years." We find the sentencing court to be in compliance with R.C. 2929.19(B)(5).
 {¶ 31} In order to be compliant with R.C. 2929.15(B), a sentencing court imposing sentence on a community control violation shall not exceed the specific prison term specified in the notice to the offender at the initial sentencing hearing. As applied to this case, the sentencing court notified appellant of a specific potential term of incarceration of nine years. Appellant was judicially released within one year of this sentence. Appellant's sentence on April 3, 2006, for his community control violation was an eight year term of incarceration. The sentencing court did not exceed the specific prison term *Page 8 
specified in notice to appellant at the original sentencing hearing. We find the sentencing court complied with R.C. 2929.15(B).
 {¶ 32} We note that appellant himself concedes that the sentencing court, on September 1, 2004, notified appellant that a community control violation could lead to a more restrictive sanction, a longer period of community control, or a nine year term of imprisonment.
 {¶ 33} Appellant suggests that because the trial court did not employ the precise same language in granting appellant's pro se judicial release that appellant was somehow prejudiced. We find no controlling or persuasive authority in support of that proposition. Appellant's position would expand the statutory sentencing requirements of R.C.2929.19(B)(5) to judicial release hearings. There is no authority in support of such a position.
 {¶ 34} Appellant further concedes that in sentencing appellant for his community control violation on August 1, 2005, the sentencing court advised appellant that it was reserving the right to impose a longer time under any of these sanctions, to impose more restrictive sanctions, or to reimpose the previously suspended prison term.
 {¶ 35} Despite this, appellant asserts that the sentencing court on August 1, 2005, failed to comply with sentencing statutes in that it did not reiterate the specific term of imprisonment. R.C. 2929.15(B) results in no such requirement upon a court sentencing an offender for his first set of community control violations. Neither Brooks nor Fraley support this proposition. *Page 9 
 {¶ 36} The record establishes that the trial court sentenced appellant on September 1, 2004, in compliance with R.C. 2929.19(B)(5). The record establishes that the trial court sentenced appellant on August 1, 2005, for his community control violations in compliance with R.C. 2929.15(B). Appellant's first two assignments of error are found not well-taken.
 {¶ 37} In his third assignment of error, appellant claims the trial court erred in denying his motion for continuance of the community control violation hearing. This argument is also without merit.
 {¶ 38} Prevailing case law establishes that a trial court has broad discretion in ruling upon a motion for continuance. State v. Unger
(1981), 67 Ohio St.2d 65. A trial court decision on a motion for continuance will not be disturbed absent an abuse of discretion. Id. at 67. The Ohio Supreme Court has defined such an abuse of discretion as evidence of an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable. Fegen v. Davet, 6th Dist. No. H-02-012, 2002-Ohio-4473, ¶ 17. In order to warrant an abuse of discretion finding, the result must be so grossly violative of fact and logic that it evidences the exercise of passion or bias rather than the exercise of reason. Fegen, ¶ 18.
 {¶ 39} Appellant's community control violation hearing was set for Monday, April 3, 2006. On the preceding Friday, March 31, 2006, appellant filed a motion for a continuance on the basis that appellant believed he would prevail in establishing his innocence in the underlying case. Ohio case law establishes that community control *Page 10 
violations and the underlying criminal offenses prompting those violations are judged by completely variable evidentiary standards and burdens of proof. Appellant's rationale for a continuance was not relevant to the deliberations of the community control violation hearing.
 {¶ 40} In order to support a finding for revocation of probation, there need only be substantial evidence shown in support of the allegations. Evidence beyond a reasonable doubt is not required to support probation revocation. The lower burden of proof and probation revocation hearings, substantial evidence, requires merely that more than a scintilla of evidence, but less than a preponderance of the evidence in support of the allegations be shown. State v. Cowles (June 16, 1995), 6th Dist. No. F-94-029. See, also, State v. Gomez (Feb. 18, 1994), 11th Dist. No. 93-L-080. We find that the proffered basis in support of the requested motion for continuance was irrelevant. We cannot conclude that the trial court abused its discretion in failing to grant the motion for continuance. Appellant's third assignment of error is found not well-taken.
 {¶ 41} In his fourth assignment of error, appellant maintains that he received ineffective assistance of counsel at his community control violation hearing. In support, appellant asserts that his counsel failed to "vigorously object to certain hearsay testimony of Trooper Bingman and for failure to insist on a continuance." As held above, appellant lacked a compelling basis in support of his requested continuance. The failure to "insist on" an unsupported motion for continuance cannot conceivably serve as indicia of ineffective assistance of counsel. *Page 11 
 {¶ 42} Given the above, we limit the scope of our review of appellant's ineffective assistance of counsel claim to the allegation that appellant's counsel failed to "vigorously object" to hearsay testimony.
 {¶ 43} To prevail on a claim of ineffective assistance of counsel, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. This standard requires appellant to satisfy a two prong test. First, appellant must show that counsel's representation fell below an objective standard of reasonableness. Second, appellant must show the reasonable probability that, but for counsel's perceived errors, the result of the proceeding would have been different. Strickland v. Washington (1984), 466 U.S. 668. This threshold of proof is high given Ohio's presumption that a properly licensed attorney is presumed competent. State v. Hamblin (1988),37 Ohio St.3d 153.
 {¶ 44} Ohio case law establishes that probation revocation hearings are not subject to the rules of evidence. As such, hearsay evidence is permissible in the types of hearings such as that underlying appellant's fourth assignment of error. The admission of hearsay evidence into a probation revocation hearing can only be construed as reversible error when it constituted the sole, crucial evidence in support of the probation violation determination. State v. Ohly, 166 Ohio App.3d 808,2006-Ohio-2353.
 {¶ 45} We have carefully reviewed the record. We find the record encompassed ample independent testimony of Trooper Bingman based upon his own observations in support of probation revocation. Trooper Bingman personally witnessed the events, *Page 12 
investigated the incident, and participated in the incident. Trooper Bingman gave independent testimony of his own substantial certainty that appellant committed the actions underlying the probation revocation hearing.
 {¶ 46} Appellant does not deny consuming alcohol but denied being the driver of the vehicle which fled from the highway patrol. The two passengers in the vehicle, both relatives of appellant, identified appellant as the driver of the vehicle. In addition, Trooper Bingman was substantially certain that appellant was the driver based upon his first hand observations of the driver. Taken together, this evidence is more than ample to constitute "substantial evidence" in support of finding for revocation of probation.
 {¶ 47} We find that the perceived failure of counsel for appellant to object to nondeterminative hearsay testimony on a sufficiently "vigorous" basis does not constitute evidence of ineffective assistance of counsel. This is particularly so given that the alleged errors occurred in the context of a probation revocation hearing not subject to traditional rules of evidence. Appellant's fourth assignment of error is not well-taken.
 {¶ 48} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
 JUDGMENT AFFIRMED. *Page 13 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1