[Cite as *State v. Wright*, **2013-Ohio-2733**.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| JOHN LEWIS WRIGHT | : | Case No. 2013CA00011 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:       Appeal from the Stark County Court of Common Pleas, Case No. 2007CR1228


JUDGMENT:       Affirmed


DATE OF JUDGMENT:       June 25, 2013


APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
Prosecuting Attorney

By: RENEE M. WATSON
Assistant Prosecuting Attorney
110 Central Plaza, South – Suite 510
Canton, OH 44702-1413

For Defendant-Appellee

STEVEN A. REISCH
201 Cleveland Aveue S.W.
Suite 104
Canton, OH 44702

*Baldwin, J.*

{¶1} Defendant-appellant John Lewis Wright appeals from the December 31, 2012 Judgment Entry of the Stark County Court of Common Pleas revoking his Judicial Release and reimposing sentence. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} On August 20, 2007, the Stark County Grand Jury indicted appellant on one count of felonious assault in violation of R.C. 2903.11(A)(1) and/or (A)(2), a felony of the second degree. At his arraignment on August 24, 2007, appellant entered a plea of not guilty to the charge.

{¶3} Thereafter, on November 13, 2007, appellant withdrew his former not guilty plea and pled guilty to the charge contained in the indictment. Pursuant to a Judgment Entry filed on December 27, 2007, appellant was placed on three (3) years of community control under specified terms and conditions.

{¶4} On March 4, 2009, a Motion to Revoke Probation or Modify Former Order was filed. As memorialized in a Judgment Entry filed on April 20, 2009, the trial court found that appellant had violated the terms of his community control, revoked the same and sentenced appellant to a four (4) year prison term.

{¶5} Subsequently, on October 8, 2009, appellant filed a Motion for Judicial Release. Following a hearing held on November 2, 2009, appellant was granted judicial release and placed on intensive probation for a period of three (3) years under specified terms and conditions. A Judgment Entry memorializing the same was filed on November 6, 2009.

{¶6} On April 22, 2010, appellant's probation officer, Dennis Williams, filed a Motion to Revoke Probation or Modify Former Order. Williams, in such motion, alleged that appellant had violated his probation by not taking care of a warrant issued by Massillon Municipal Court after being told to do so several times, by testing positive for cocaine on two dates, and by paying nothing towards his court costs or monitoring fees. A probable cause hearing was scheduled for May 3, 2010. On such date, appellant stipulated to probable cause and the court set an evidentiary hearing for May 10, 2010. After appellant failed to appear on May 10, 2010, a capias was issued for his arrest. Appellant remained an absconder for over two years.

{¶7} On November 27, 2012, the capias was returned after appellant was arrested. On December 12, 2012, Shelley Wolf, a probation officer who had taken over appellant's file after his previous probation officer had retired, filed an addendum to the Motion to Revoke Probation or Modify Former Order. Wolf, in her motion, alleged that appellant had violated his probation by failing to appear for his May 10, 2010 court date, causing the issuance of a capias, and by failing to contact the probation department. An evidentiary hearing was held on December 17, 2012.

{¶8} At the hearing, Wolf testified that appellant had been on probation and was being supervised by another probation officer, who had since retired, when he disappeared over two years ago. Wolf testified that she took over appellant's case. She testified that, pursuant to the November 6, 2009 Judgment Entry granting him judicial release, appellant was to follow any verbal order of the court or any representative of the court, which would include an order to appear for the May 10, 2010 evidentiary hearing. She testified that it was her understanding that the

evidentiary hearing was scheduled at the previous probable cause hearing. According to Wolf, since the date the capias was issued, appellant had had no contact with the probation department.

{¶9}     On cross-examination, Wolf admitted that she had never had any contact with appellant. She also admitted that she was not present on May 3, 2012, the last time when appellant was in court, and thus did not know that he was actually informed of the May 10, 2010 date.

{¶10}     At the conclusion of the hearing the trial court found that appellant was present on May 3, 2010 at the probable cause hearing and had stipulated to probable cause. The trial court further found that appellant, on such date, was directed to appear on May 10, 2010 for an evidentiary hearing but failed to do so and that appellant had made no attempt to report to or contact the probation department. The trial court revoked appellant's judicial release and ordered that appellant serve out the remainder of his four (4) year prison sentence.  A Judgment Entry memorializing the trial court's decision was filed on December 31, 2012.

{¶11}     Appellant now raises the following assignments of error on appeal:

{¶12}     "I.     THE TRIAL COURT'S FINDING THAT HE VIOLATED JUDICIAL RELEASE WAS NOT BASED UPON SUFFICIENT EVIDENCE AND DENIED APPELLANT DUE PROCESS UNDER THE FOURTEENTH AMENDMENT."

{¶13}     "II.     THE TRIAL COURT DENIED THE APPELLANT DUE PROCESS BY NOT AFFORDING AN OPPORTUNITY TO CROSS-EXAMINATION OF A WITNESS WITH DIRECT KNOWLEDGE OF THE ALLEGATIONS AGAINST HIM."

I, II

{¶14}    Appellant, in his two assignments of error, argues that the trial court's finding that he had violated his judicial release/community control  is not supported by sufficient evidence because the evidence presented at the December 17, 2012 hearing consisted entirely of hearsay testimony from Shelley Wolf, who was not appellant's original probation officer. Appellant contends he was deprived of due process because of the alleged hearsay evidence presented during his revocation hearing.

{¶15}    "Generally, probation revocation hearings are not subject to the rules of evidence. The admission of hearsay evidence into a probation revocation hearing can only be construed as reversible error when it constituted the sole, crucial evidence in support of the probation violation determination. *State v. Thompson,* Wood App. No. WD-06-034, 2007-Ohio-2665, ¶ 44, citing *State v. Ohly*, 166 Ohio App.3d 808, 853 N.E.2d 675, 2006-Ohio-2353. Additionally, in regard to any issues concerning the right to confront witnesses as set forth in *Crawford v. Washington* (2004), 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177, we have held that said case does not apply to community control revocation hearings. See *State v. Crace*, Fairfield App. No. 05CA93, 2006-Ohio-3027, ¶ 18." *State v. Redick,* 5th Dist. Case No. 08 CA 73, 2009-Ohio-3850, ¶ 11.

{¶16}    Because a community control revocation hearing is not a criminal trial, the State does not have to establish a violation with proof beyond a reasonable doubt. *State v. Payne*, 12th Dist. No. CA2001-09-081, 2002-Ohio-1916, citing *State v. Hylton*, 75 Ohio App.3d 778, 782, 600 N.E.2d 821 (4th Dist. 1991). Instead, the prosecution must present "substantial" proof that a defendant violated the terms of his community control

sanctions. Id., citing *Hylton* at 782. Accordingly, we apply the "some competent, credible evidence" standard set forth in *C.E. Morris Co. v. Foley Constr. Co.,* 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), to determine whether a court's finding that a defendant violated the terms of his community control sanction is supported by the evidence. See *State v. Puckett*, 4th Dist. No. 96CA1712, 1996 WL 666660 (Nov. 12, 1996). This highly deferential standard is akin to a preponderance of the evidence burden of proof. See S*tate v. Kehoe* , 9th Dist. No. 2284-M, 1994 WL 189659 (May 18, 1994).

{¶17}    In the case sub judice, we find that the revocation of appellant's judicial release/community control was supported by evidence independent of the hearsay testimony from Wolf and that the revocation was not based solely on hearsay. The trial court's docket clearly shows that a capias was issued for appellant's arrest on May 10, 2010 after appellant failed to appear for the evidentiary hearing on such date and did not contact the probation department. The record further demonstrates that the capias was not returned until November 27, 2012. Thus, appellant had absconded for over two years. We concur with appellee that appellant has failed to establish that he was denied due process in the revocation of his judicial release/community control and that the trial court's decision to revoke his judicial release/community control is supported by sufficient evidence.

{¶18}    Appellant's two assignments of error are, therefore, overruled.

{¶19}    Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.


By: Baldwin, J.

Wise, P. J. and

Delaney, J. concur.


_____
HON. CRAIG R. BALDWIN


_____
HON. JOHN W. WISE


_____
HON. PATRICIA A. DELANEY


CRB/dr

[Cite as *State v. Wright*, 2013-Ohio-2733.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff -Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JOHN LEWIS WRIGHT | : | |
| | : | |
| Defendant - Appellant | : | CASE NO. 2013CA00011 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs assessed to appellant.

HON. CRAIG R. BALDWIN

HON. JOHN W. WISE

HON. PATRICIA A. DELANEY