[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Heinz,* Slip Opinion No. 2016-Ohio-2814.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-2814

THE STATE OF OHIO, APPELLANT, *v.* HEINZ, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Heinz,* Slip Opinion No. 2016-Ohio-2814.]

*R.C. 309.08—The state is a party to all community-control-violation proceedings, and the county prosecuting attorney, as the state's legal representative, is entitled to notice and an opportunity to be heard at such proceedings.*

(No. 2015-1288—Submitted February 10, 2016—Decided May 5, 2016.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 102178, 2015-Ohio-2763.

_____

**O'DONNELL, J.**

{¶ 1} The state of Ohio appeals from a judgment of the Eighth District Court of Appeals affirming a standing order of Judge John Sutula that denied the Cuyahoga County Prosecuting Attorney the opportunity to represent the state in a community control sanction violation and revocation hearing involving Joseph Heinz.  The trial court concluded that the probation department represents the state

in revocation proceedings, and the appellate court held that the state's traditional role is adequately represented by the probation department.

{¶ 2} The prosecuting attorney has the authority to prosecute all complaints, suits, and controversies in which the state is a party, and because the state is a party to community control violation proceedings, because it has the burden of proving that a violation occurred, because it maintains an interest in ensuring that the proper sentence is imposed to punish and rehabilitate the offender while protecting the safety of the public, and because it is responsible for preserving error for appeal, the state, through the prosecuting attorney, is entitled to notice and an opportunity to be heard in all such hearings.

{¶ 3} Accordingly, we reverse the judgment of the appellate court and remand the matter to the trial court with instructions to reschedule the community control violation hearing and to provide the prosecuting attorney and the offender notice of and an opportunity to be heard at that hearing.

## Facts and Procedural History

{¶ 4} In December 2011, Heinz pleaded guilty to attempted abduction, a fourth-degree felony, and the trial court sentenced him to a 24-month term of community control. In April 2012 and in November 2013, the trial court found that Heinz had violated the terms of his community control by testing positive for marijuana. As a result, it extended the term of community control to December 2015.

{¶ 5} In February 2014, the court issued a standing order declaring that the county probation department, not the Cuyahoga County Prosecuting Attorney, represents the state in all community control violation proceedings and that the prosecutor would not be notified of any future hearings, stating:

> In the event the Prosecutor's Office desires to speak at a hearing, it may only do so with leave of Court. A Request for Leave to be Heard

shall be filed no later than 2 days before the scheduled probation revocation hearing and shall include any evidence and witnesses supporting the claimed violations. Case specific statements as to the violation shall be set forth in detail in a brief attached to the request. The Request for Leave to be Heard shall be served on the Probation Department, Counsel for the Defendant and the Defendant, should the Defendant wish to proceed pro se, at least 2 days prior to the hearing.

**{¶ 6}** On September 17, 2014, Heinz submitted a diluted urine sample for drug testing. The court conducted a community control violation hearing on October 14, 2014, during which it noted that the probation officer was "[r]epresenting the interests of the State of Ohio." An assistant prosecuting attorney addressed the court and asserted the right to be present and heard. After determining that the prosecutor had not given prior notice of an intent to appear at the hearing, the trial court denied the prosecuting attorney an opportunity to speak. The court then found that Heinz had violated the conditions of community control and imposed a 14-day jail sentence.

**{¶ 7}** The court of appeals granted the state leave to appeal but affirmed the judgment of the trial court, explaining that "because a community control revocation hearing is not clothed in the formal trappings of a criminal prosecution, * * * the state's role as contemplated by R.C. 309.08 is not implicated. * * * Thus, the state's traditional role is adequately represented by the probation department." 2015-Ohio-2763, 34 N.E.3d 1003, ¶ 15 (8th Dist.). The court stated that "the probation department, and not the prosecutor's office, is the entity entrusted with the authority to properly institute community control violation proceedings," *id.* at ¶ 12, that "any contribution from the assistant prosecutor would arguably be cumulative," *id.* at ¶ 16, and that "the trial court's standing order that lays the

groundwork for the prosecutor's office to participate in the violation proceedings did not constitute an abuse of discretion," *id.* at ¶ 21. The state appealed that decision to our court, urging its right to be part of such proceedings.

**Positions of the Parties**

{¶ 8} On appeal to this court, the state maintains that it is a party to community control violation proceedings and that the prosecutor, as the state's legal representative, is therefore entitled to notice and an opportunity to be heard at such hearings. The state notes that R.C. 309.08 directs the prosecuting attorney to prosecute all complaints, suits, and controversies in which the state is a party and argues that this language necessarily includes civil proceedings such as a community control violation hearing and any sentencing hearing that results from it. The state contends that R.C. 2929.15, which places an offender who is on community control under the supervision of the probation department, authorizes probation officers only to report a violation, not to prosecute it, and that the trial court's standing order deprives the state of legal representation at such hearings and prevents it from meeting its burden to prove a violation of community control sanctions. According to the state, it violates the separation-of-powers doctrine for employees of the probation department, an arm of the court, to supplant the role of executive-branch prosecutors in representing the state at a hearing, and it violates due process to deprive the state of notice and an opportunity to be heard.

{¶ 9} Heinz emphasizes the distinctions between criminal prosecutions and community control violation hearings, and he notes that the informality of a violation hearing explains why this court and the United States Supreme Court have recognized that it is the probation officer that traditionally represents the state in these hearings. He points out that employees of the Adult Parole Authority, not prosecuting attorneys, handle parole and postrelease control violation proceedings. He also argues that the state's separation-of-powers claim is without merit because representing the state at violation hearings is not one of the county prosecutor's

fundamental constitutional duties. Heinz points out that unlike R.C. 2929.19 and Crim.R. 32(A)(2), which expressly afford the prosecutor an opportunity to speak at sentencing, neither R.C. 2929.15 nor Crim.R. 32.3 grant the prosecutor the right to participate at a community control violation hearing. And because R.C. 2929.15 is the more specific statute, Heinz claims, it controls over R.C. 309.08 and vests the probation department, not the prosecutor, with authority to represent the state. Moreover, according to Heinz, if the state's reading of R.C. 309.08 is correct, then the prosecuting attorney has a mandatory duty to appear at all community control, postrelease control, and parole violation hearings, but the legislature has not expressed an intent to change the established historical practice where, he asserts, probation officers represent the state.

{¶ 10} Thus, the issue is whether the county prosecuting attorney has a right to notice of and the opportunity to represent the state at community control violation proceedings.

## Law and Analysis

### *Probation*

{¶ 11} From a historical perspective, our jurisprudence has described a suspension of sentence and grant of probation as an act of grace allowing a convict to go free on conditions and as a contract for leniency between the offender and the sentencing judge. *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 21; *Thomas v. Maxwell*, 175 Ohio St. 233, 235, 193 N.E.2d 150 (1963); *In re Varner*, 166 Ohio St. 340, 343, 142 N.E.2d 846 (1957), citing *Escoe v. Zerbst*, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566 (1935). However, probation is not a remission of penalty; the convict remains under the supervision of the court and subject to any restraints and conditions imposed, and a breach of those conditions permits imposition of the suspended prison sentence. *Anderson* at ¶ 21; *State ex rel. Gordon v. Zangerle*, 136 Ohio St. 371, 376-377, 26 N.E.2d 190 (1940). The General Assembly therefore authorized the common pleas courts to establish

county probation departments to support the judicial function of supervising probationers. R.C. 2301.27(A)(1); *Gordon* at paragraph four of the syllabus.

{¶ 12} In *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the United State Supreme Court held that a probationer generally lacks a constitutional right to counsel at a revocation proceeding. The court stated that probation revocation "is not a stage of a criminal prosecution," *id.* at 782, and it distinguished the criminal trial—an adversarial proceeding where the state is represented by an attorney—from the revocation hearing, where "the State is represented, not by a prosecutor, but by a parole officer," *id.* at 789. The court justified its holding that counsel need not always be provided at revocation proceedings by pointing to the informal nature of the revocation proceeding, noting that "[i]f counsel is provided for the probationer or parolee, the State in turn will normally provide its own counsel," transforming the informal hearing into a formal, adversarial proceeding. *Id.* at 787.

{¶ 13} Despite those statements, the court held that before probation can be revoked, due process requires the state to give the probationer written notice of the alleged violation, disclosure of adverse evidence, an opportunity to present evidence in his own behalf and to confront and cross-examine adverse witnesses, an impartial hearing, and written findings supporting the decision to revoke probation. *See id.* at 786.

*Community Control*

{¶ 14} Effective July 1, 1996, the General Assembly enacted Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136 to revise Ohio's felony sentencing statutes, and among other changes, "community control replaced probation *as a possible sentence* under Ohio's felony sentencing law." (Emphasis added.) *State v. Talty,* 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 16. Unlike probation, which is a period of time served during suspension of a sentence, community control sanctions are imposed as the punishment for an offense at a sentencing

hearing. R.C. 2929.01(E); R.C. 2929.01(FF). These sanctions include community residential sanctions pursuant to R.C. 2929.16 (mandated residence in community-based correctional facilities, halfway houses, and alternative residential facilities), nonresidential sanctions pursuant to R.C. 2929.17 (including house arrest, electronic monitoring, community service, probation supervision, and curfews), and financial sanctions pursuant to R.C. 2929.18 (restitution, fines, and costs of prosecution and community control).

{¶ 15} The revocation of community control is an exercise of the sentencing court's criminal jurisdiction, and pursuant to R.C. 2929.15(B)(1), the court may extend the term of the offender's community control or impose a more restrictive sanction or a prison term if the conditions of community control are violated. As we explained in *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17, "[f]ollowing a community control violation, the trial court conducts a second sentencing hearing. At this second hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes." And at a sentencing hearing, "[t]he state has the right to be present * * *." *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 44, fn. 2 (Lanzinger, J., dissenting).

{¶ 16} Thus, in contrast to probation violation and revocation proceedings as described by the court in *Gagnon*, community control violation hearings are formal, adversarial proceedings. Moreover, at community control violation hearings, the Rules of Criminal Procedure afford an offender the right to counsel, Crim.R. 32.3(B), and pursuant to R.C. 2930.09, a victim in the case has the right to be present. And, relevant here, R.C. 309.08(A) expressly grants the county prosecuting attorney the authority to "prosecute, on behalf of the state, all complaints, suits, and controversies in which the state is a party."

{¶ 17} As the court explained long ago in *Wright v. Schick*, 134 Ohio St. 193, 198, 16 N.E.2d 321 (1938), "[t]he term 'parties' in its broad legal sense includes all who have an interest in the subject matter of the particular litigation,

who have the right to control the proceedings, to make defense, to adduce evidence, to cross-examine witnesses and to appeal the proceedings, if an appeal lies." (Emphasis deleted.)  Thus, contrary to the views of the trial and appellate court, the state is a party to a community control violation proceeding.

{¶ 18} Our resolution of this issue is bolstered by the many courts throughout Ohio that have held that it is *the state* that bears the burden of proving that a community control violation occurred.  *See, e.g., State v. Wagner*, 179 Ohio App.3d 165, 2008-Ohio-5765, 900 N.E.2d 1089 (2d Dist.), ¶ 35; *State v. Johnson*, 3d Dist. Seneca Nos. 13-15-08 and 13-15-09, 2015-Ohio-4802, ¶ 29; *State v. Johnson*, 4th Dist. Meigs No. 14CA10, 2015-Ohio-1373, ¶ 13; *State v. Wright*, 5th Dist. Stark No. 2013CA00011, 2013-Ohio-2733, ¶ 16; *State v. Miller*, 6th Dist. Fulton No. F-05-016, 2006-Ohio-4810, ¶ 13; *State v. Clark*, 7th Dist. Mahoning No. 12-MA-1, 2012-Ohio-5570, ¶ 11; *State v. Tooley*, 9th Dist. Medina Nos. 09CA0098-M, 09CA0099-M, and 09CA0100-M, 2011-Ohio-2449, ¶ 2.

{¶ 19} Furthermore, R.C. 2929.19(A) and Crim.R. 32(A)(2) direct the trial court at the time of imposing sentence to afford the prosecuting attorney the right to appear and speak on behalf of the state, because it has an interest in ensuring that a proper sentence is imposed to punish and rehabilitate the offender while protecting the public, R.C. 2929.11(A).  These same statutes apply when the court decides the appropriate sentence for a community control violation.  *Fraley* at ¶ 17. And R.C. 2945.67 grants the prosecuting attorney the authority to seek leave to appeal from an adverse decision of the trial court at that sentencing.

{¶ 20} In addition, the views of both the trial and appellate courts that a probation officer can represent the state at community control violation hearings is patently wrong, because no authority exists for the proposition that a probation officer may represent the state in any proceeding, including a community control violation hearing.  Although R.C. 2929.15(A)(2)(a) requires the court to place an offender sentenced to community control "under the general control and

supervision of a department of probation in the county that serves the court" and R.C. 2929.15(A)(2)(b) directs that any violation be reported to the probation officer or the sentencing court, nothing in those statutes permits the probation department to prosecute the violation it reports to the court or otherwise represent the state in litigation. Indeed, the majority of probation officers are not attorneys, and under the trial court's order, they would be compelled to engage in the unauthorized practice of law. Moreover, they could not be expected to competently represent the state or to make the proper objections for the record in the event of an appeal. And a probation officer cannot file an appeal on behalf of the state. The trial court order issued in this case complicated the process of appeal and undermined the prosecuting attorney's authority to represent the state on appeal from community control violation hearings.

{¶ 21} Because the state is a party to all community control violation proceedings, the prosecuting attorney is the state's legal representative in those proceedings pursuant to R.C. 309.08(A) and is therefore entitled to proper notice and an opportunity to be heard at all community control violation proceedings.

{¶ 22} Our conclusion accords with decisions of other courts deciding that the prosecuting attorney represents the state. *Kentucky v. Goff*, 472 S.W.3d 181, 192 (Ky.App.2015) ("a Commonwealth's Attorney is entitled to receive proper notice of every court-initiated probation hearing, to attend all such hearings, and to participate therein"); *State v. Young*, 154 Ohio App.3d 609, 2003-Ohio-4501, 798 N.E.2d 629, ¶ 7 (3d Dist.) ("A violation of community-control sanctions * * * is certainly within the concept of 'complaints, suits, and controversies' in which the state remains an interested party"); *Kansas v. Malbrough*, 5 Kan.App.2d 295, 297, 615 P.2d 165 (1980) (explaining that the district attorney has authority to prosecute a violation of the conditions of probation); *New Mexico v. Paul*, 82 N.M. 791, 1971-NMCA-107, 487 P.2d 493, ¶ 7-8 (same).

**Conclusion**

{¶ 23} The General Assembly has implemented an adversarial system of criminal justice in which the parties to a case contest the issues before a court of law, and it has vested county prosecuting attorneys with the authority to represent the state in those proceedings. Thus, as the state's legal representative, the prosecuting attorney is entitled to proper notice and an opportunity to appear and be heard at proceedings in which the state is a party, including community control violation proceedings.

{¶ 24} Here, while purporting to follow *Gagnon*, the trial court and the court of appeals misconstrued R.C. 2929.15 regarding community control violations and erroneously vested probation officers, not prosecutors, with the authority to represent the interests of the state, wholly contrary to this court's traditional role to admit to the practice of law those representing other parties in a court of law. And while the probation department has authority to supervise offenders and to report any violation of community control to the trial court, probation officers are not authorized to prosecute those violations.

{¶ 25} Accordingly, we reverse the judgment of the court of appeals and remand the matter to the trial court for further proceedings consistent with this opinion.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Mary H. McGrath, and T. Allan Regas, Assistant Prosecuting Attorneys, for appellant.

Robert L. Tobik, Cuyahoga County Public Defender, and Cullen Sweeney and John T. Martin, Assistant Public Defenders, for appellee.

_____