[Cite as *State v. Beyersdoerfer*, 2017-Ohio-9281.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170037 |
| | | TRIAL NO. B-1605002 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| BROOKS BEYERSDOERFER, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Vacated

Date of Judgment Entry on Appeal: December 29, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Arenstein & Gallagher*, *William Gallagher* and *Elizabeth Conkin*, for Defendant-Appellant.

**DETERS, Judge.**

{¶1}  Defendant-appellant Brooks Beyersdoerfer appeals from the decision of the Hamilton County Court of Common Pleas sentencing him to 12 months' imprisonment after initially sentencing him to community control.  We hold that the trial court had no jurisdiction to alter Beyersdoerfer's sentence, and we vacate the trial court's judgment.

{¶2}  Beyersdoerfer was originally convicted of possession of heroin under R.C. 2925.11(A), a fifth-degree felony.  The court sentenced him to three years' community control with the condition that he "enter and successfully complete all residential phases of the River City Correctional Program[.]"  The court told him that if he violated the conditions of his community control, it would sentence him to a year in prison.

{¶3}  The River City program refused to take Beyersdoerfer because of a medical condition.  The court held a resentencing hearing based on his alleged failure to fulfill the conditions of his community control.  No probation violation was ever filed.   The court made no findings and sentenced Beyersdoerfer to 12 months' imprisonment.  No evidence was presented at the hearing, and Beyersdoerfer was not given an opportunity to respond or present evidence.

{¶4}  Beyersdoerfer filed a motion for a stay of sentence or for an appellate bond.  During a hearing on that motion, he argued that the court had already found that he was amenable to community control and that community control was a proper sanction.  Therefore, the entry sentencing him to a prison term contradicted the original judgment entry imposing community control.  The trial court noted that it had failed to state its reasons for sentencing him to prison.  It stated, "I had placed

him on probation with a condition that I wanted him to do River City. He's not eligible for River City, and therefore, I don't find that he's eligible for probation." This appeal followed.

{¶5} Beyersdoerfer presents three assignments of error for review. In his first assignment of error, he contends that the trial court violated his right to due process when it "revoked" his community control and imposed sentence without notice of a violation and a hearing. Under this assignment of error, he also argues that the trial court lacked jurisdiction to modify the sentence. We agree.

{¶6} Unlike probation, which is a period of time served during suspension of a sentence, community-control sanctions are imposed as punishment for the offense at a sentencing hearing. *State v. Heinz*, 146 Ohio St.3d 374, 2016-Ohio-2814, 56 N.E.3d 965, ¶ 14; *State v. Blair*, 2016-Ohio-5714, 62 N.E.3d 201, ¶ 8 (1st Dist.). The revocation of community control is an exercise of the sentencing court's criminal jurisdiction. Following a community-control violation, the court sentences the offender anew. *Heinz* at ¶ 15-16; *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17; Blair at ¶ 8.

{¶7} Put another way, community control is the sentence, and absent statutory authority, the trial court has no jurisdiction to modify that sentence. *State v. Saxon*, 8th Dist. Cuyahoga No. 104295, 2017-Ohio-93, ¶ 12; *State v. Cauthen*, 1st Dist. Hamilton No. C-130475, 2015-Ohio-272, ¶ 18. R.C. 2929.15(B) does not authorize the court to modify the sentence absent a violation of the conditions of community control. *Saxon* at ¶ 12. A trial court lacks jurisdiction to alter the final sentence unless it determines the defendant violated the terms of community control as imposed in the final sentencing entry. *Id.*

{¶8}     Beyersdoerfer did not violate the conditions of his community control, and the trial court did not treat the second hearing like a hearing on a community-control violation.  The court acted as if a final sentence had not been entered.  But a judgment entry with a sentence of community control had already been journalized.  Consequently, the court improperly amended a sentence that was already final.  Once the entry was journalized, the court had no jurisdiction to modify the sentence.

{¶9}     Consequently, we sustain Beyersdoerfer's first assignment of error and vacate the trial court's judgment altering Beyersdoerfer's sentence of community control.  We find Beyersdoerfer's other two assignments of error to be moot and we decline to address them.

Judgment vacated.

**MOCK, P.J.,** and **CUNNINGHAM, J.,** concur.

Please note:
    The court has recorded its own entry this date.