[Cite as *State v. Lindsay*, 2018-Ohio-2871.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No.    17CA011206 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CEDRICK LINDSAY | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No.    14CR090487 |

DECISION AND JOURNAL ENTRY

Dated: July 23, 2018

HENSAL, Judge.

{¶1} Cedrick Lindsay appeals a judgment of the Lorain County Court of Common Pleas that found him in violation of his community control sanctions and sentenced him to prison. For the following reasons, this Court affirms in part and reverses in part.

I.

{¶2} Mr. Lindsay pleaded guilty to one count of felonious assault and one count of assault. The trial court found him guilty of the offenses and sentenced him to community control sanctions. It also notified him that, if he violated the conditions of community control, it would sentence him to four years in prison. According to Mr. Lindsay's probation officer, Mr. Lindsay did not report to the Adult Parole Authority following the sentencing hearing and his whereabouts became unknown until he was arrested eighteen months later. After his arrest, Mr. Lindsay appeared for a hearing as to whether there was probable cause to believe he had violated the terms and conditions of community control. At the hearing, the court noted that Mr. Lindsay

was going to have a hearing in a different case the following week. It stated that it would be willing to go along with whatever the judge in the other case ordered, and scheduled a later hearing. At the subsequent "merits" hearing, the trial court found Mr. Lindsay in violation of community control and sentenced him to four years imprisonment. Mr. Lindsay has appealed, assigning two errors.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT VIOLATED MR. LINDSAY'S RIGHTS TO DUE PROCESS BECAUSE IT DID NOT MAKE A FORMAL FINDING ON THE RECORD OF A COMMUNITY CONTROL VIOLATION OR ISSUE A WRITTEN STATEMENT SETTING FORTH A VIOLATION OR THE REASONS FOR REVOKING HIS COMMUNITY CONTROL SANCTIONS AND THE EVIDENCE IT RELIED UPON.

{¶3} Mr. Lindsay argues that the trial court did not conduct the hearings in accordance with his due process rights. Specifically, he argues that the trial court improperly determined that he had committed a violation at the preliminary hearing. He also argues that it did not provide a sufficient explanation of its reason for finding that he violated community control.

{¶4} Criminal Rule 32.3(A) provides that a "court shall not impose a prison term for violation of the conditions of a community control sanction * * * except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed[.]" This Court has recognized that defendants accused of violating community control are entitled to at least the same due process protections as probationers. *State v. Osborne*, 9th Dist. Lorain No. 15CA010727, 2017-Ohio-785, ¶ 7; *see State v. Heintz*, 146 Ohio St.3d 374, 2016-Ohio-2814, ¶ 16 (noting that, "in contrast to probation violation and revocation proceedings * * *, community control violation hearings are formal, adversarial proceedings."). Those protections depend on the stage of the proceeding:

At the preliminary hearing, a probationer or parolee is entitled to notice of the alleged violations of probation or parole, an opportunity to appear and to present evidence in his own behalf, a conditional right to confront adverse witnesses, an independent decisionmaker, and a written report of the hearing. The final hearing is a less summary one because the decision under consideration is the ultimate decision to revoke rather than a mere determination of probable cause, but the "minimum requirements of due process" include very similar elements:

(a) written notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawye[rs]; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole.

*Osborne* at ¶ 7, quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973).

**{¶5}** Mr. Lindsay argues that the trial court prematurely determined that he violated community control during the hearing on whether there was probable cause to believe that he committed a violation, telling him that it could sentence him to four years imprisonment that day. Although the matter ended up being continued, Mr. Lindsay argues that the trial court deprived him of his due process rights by limiting the discussion to only the sanction that it would impose.

**{¶6}** At oral argument, Mr. Lindsay conceded that there was no dispute as to whether he violated community control, even at the initial hearing. We also note that the trial court did not explicitly "find [Mr. Lindsay] in violation" until the second "merits" hearing. Mr. Lindsay does not argue that he was not allowed to be heard during the hearings, that he was not given an opportunity to call witnesses or present other evidence, or that he was not allowed to cross-examine the State's witnesses. Upon review of the record, we conclude that the trial court did not violate Mr. Lindsay's due process rights when it discussed the appropriate sanction for Mr. Lindsay's undisputed community control violation during the "probable cause" hearing.

{¶7}     Mr. Lindsay also argues that the trial court failed to issue a written statement about the reason that it found him in violation of community control.  Although he acknowledges that it would have been sufficient if the court had explained its reasoning orally during the merits hearing, he contends that it did not do that either.  He, therefore, argues that the trial court violated his due process rights under *Gagnon*.

{¶8}     The trial court did not indicate its reason for finding Mr. Lindsay in violation of community control either orally or in writing.  Mr. Lindsay acknowledged at oral argument, however, that the only violation alleged against him was his failure to report to the Adult Parole Authority.  He also acknowledged that there was no dispute that he had committed that violation. The purpose of the "written statement" requirement is to inform the defendant of the reasons for the court's decision and to provide an adequate record for appellate review.  *State v. Delaney*, 11 Ohio St.3d 231, 235 (1984).  Those concerns are not present in this case.  Upon review of the record, we conclude that, even if the trial court erred when it failed to explain its reason for finding Mr. Lindsay in violation of community control, the error was harmless beyond a reasonable doubt.  Crim.R. 52(A); *see State v. Paxton*, 8th Dist. Cuyahoga Nos. 50626, 50628, 1986 Ohio App. LEXIS 7040, *9 (May 29, 1986) (concluding that violation of *Gagnon*'s requirements was harmless error because the defendant admitted to probation violations).  Mr. Lindsay's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT FAILED TO PROPERLY STATE THE LENGTH OF CONFINEMENT THAT COULD BE IMPOSED ON MR. LINDSAY FOR A VIOLATION OF POSTRELEASE CONTROL AT HIS SENTENCING HEARING.

{¶9}     Mr. Lindsay next argues that the trial court failed to properly advise him about post-release control when it sentenced him for violating community control.  The Ohio Supreme

Court has established that, following a community control violation, the trial court conducts a second sentencing hearing and that it must comply with all relevant sentencing statutes at that hearing. *Heintz*, 146 Ohio St.3d 374, 2016-Ohio-2814, at ¶ 15.

{¶10} "[T]o fulfill the requirements of the postrelease-control-sentencing statutes, * * * a trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing[.]" *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 18. This includes "notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control." *Id.* The trial court must also "incorporate into the sentencing entry the postrelease-control notice to reflect the notification that was given at the sentencing hearing[,]" which includes incorporating the consequences of violating post-release control. *Id.* at ¶ 19; *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, ¶ 11 ("[T]he imposed post-release control sanctions are to be included in the judgment entry journalized by the court."). "A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph one of the syllabus.

{¶11} During sentencing, the trial court told Mr. Lindsay that he may be supervised after he leaves prison. Because his felonious assault conviction was a felony of the second degree, however, post-release control is mandatory. R.C. 2967.28(B). The court also failed to tell him the length of post-release control or the amount of time he could be returned to prison for violating post-release control. The State acknowledges that the trial court did not properly impose post-release control. Upon review of the record, we agree. Mr. Lindsay, therefore, is entitled to a new sentencing hearing limited to the proper imposition of post-release control.

*State v. Mayfield*, 9th Dist. Summit No. 27655, 2015-Ohio-5375, ¶ 4. Mr. Lindsay's second assignment of error is sustained.

### III.

**{¶12}** Mr. Lindsay's first assignment of error is overruled. His second assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded to the trial court to conduct a new sentencing hearing limited to the proper imposition of post-release control.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

DENISE G. WILMS, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.