[Cite as *State v. Solomon*, 2022-Ohio-3776.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

ROBERT SOLOMON,

    DEFENDANT-APPELLANT.

CASE NO. 3-22-08

O P I N I O N

Appeal from Crawford County Common Pleas Court
Trial Court No. 18-CR-0289

Judgment Reversed and Cause Remanded

Date of Decision:  October 24, 2022

APPEARANCES:

    *Howard A. Elliott* for Appellant

    *Bailey Higgins* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Robert Solomon ("Solomon") brings this appeal from the judgment of the Common Pleas Court of Crawford County sentencing him to 12 months in prison for violation of his community control sanctions. Solomon claims that the trial court's sentence was void because it failed to properly advise him of post-release control. For the reasons set forth below, the judgment is reversed.

{¶2} On December 8, 2021, Solomon entered a plea of guilty to one count of theft in violation of R.C. 2913.02(A)(3), a felony of the fourth degree. Doc. 11. The trial court accepted the change of plea and sentenced Solomon to community control that same day. Doc. 12. At the hearing, the trial court informed Solomon that if he was sent to prison for a violation of community control, he would be subject to two years of discretionary post-release control. Tr. 5-6. The sentencing entry stated that if Solomon served a prison term for a violation of community control, Solomon "shall be subject to a period of post-release control supervision up to 2 years on each count at the discretion of the APA". Doc. 12.

{¶3} On January 19, 2022, a motion was filed to have Solomon show cause as to why his community control should not be revoked after he submitted a positive drug test and admitted using drugs. Doc. 13. A hearing was held on March 2, 2022. Doc. 19. At the conclusion of the hearing, the trial court found Solomon to have

violated his community control, revoked it, and ordered Solomon to serve a prison term of 12 months. Doc. 19. The judgment entry advised Solomon again that he was subject to a discretionary term of post-release control of two years, although the trial court did not discuss this at the time of sentencing. Doc. 19. Solomon appealed from this judgment and raises the following assignment of error.

> **At the time of the sentencing, it is mandated that the trial court notify the Defendant of the potential post-release control implications of the sentence that is imposed and the failure to make such an announcement at the hearing renders the sentence void and must be vacated and the case remanded to the trial court for further proceedings.**

{¶4} The sole assignment of error alleges that the sentence is void because the trial court did not announce that he would be subject to a discretionary term of post-release control at the time his community control sanctions were revoked and a prison term was imposed. The failure to properly impose post-release control no longer results in a void sentence, but a voidable one. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248. As long as the trial court has subject-matter jurisdiction over the case and personal jurisdiction over the defendant, the judgment may only be challenged on direct appeal. *Id*. at ¶ 26.

{¶5} Here, Solomon challenges on direct appeal, from the sentencing hearing on the revocation of community control sanctions, the imposition of post-release control because the trial court did not orally notify Solomon of it. A review of the record shows that Solomon was initially sentenced to community control. At that

hearing, Solomon was notified that if he received a prison term, he would be subject to a discretionary term of post-release control. Later, the trial court found Solomon had violated the terms of his community control sanctions. If a defendant violates the terms of his or her community control sanctions, a trial court may 1) extend the length of the offender's community control; 2) impose more restrictive sanctions; or 3) impose a prison term. *State v. Heinz*, 146 Ohio St.3d 374, 2016-Ohio-2814, ¶ 15, 56 N.E.3d 965 and R.C. 2929.15(B)(1). After finding that a violation of the community control sanctions occurred, the trial court conducts a second sentencing hearing at which the offender is sentenced anew and the trial court must comply with the relevant sentencing statutes. *Id.* "[I]n order to comply with separation-of-powers concerns and to fulfill the requirements of the postrelease-control-sentencing statutes, especially R.C. 2929.19(B) and 2967.28, a trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control." *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 18, 967 N.E.2d 718 and *State v. Bates* 167 Ohio St.3d 197, 2022-Ohio-475 ¶ 11, 190 N.E.3d 610.

{¶6} There is no dispute that Solomon was appropriately notified regarding post-release control when the trial court imposed community control sanctions. There is also no question that at the sentencing for the violation of those community

control sanctions, the trial court was silent regarding post-release control despite the judgment entry indicating that Solomon was subject to a period of optional post-release control supervision of two years. The Supreme Court of Ohio has indicated that the sentencing for a violation of community control sanctions is a new sentence and that the trial court must comply with all relevant sentencing statutes. *Heinz, supra.* R.C. 2929.19 provides in pertinent part as follows:

> **(2) Subject to division (B)(3) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:**
>
> **\* \* \***
>
> **(e) Notify the offender that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the third, fourth, or fifth degree that is not subject to division (B)(2)(d) of this section. This division applies with respect to all prison terms imposed for an offense of a type described in this division, including a term imposed for any such offense that is a risk reduction sentence, as defined in section 2967.28 of the Revised Code. Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term of a type described in division (B)(2)(e) of this section and failed to notify the offender pursuant to division (B)(2)(e) of this section regarding post-release control or to include in the judgment of conviction entered on the journal or in the sentence a statement regarding post-release control.**
>
> **(f) Notify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(2)(d) or (e) of this section, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code, the parole board may impose a prison term, as part of the sentence,**

**of up to one-half of the definite prison term originally imposed upon the offender as the offender's stated prison term or up to one-half of the minimum prison term originally imposed upon the offender as part of the offender's stated non-life felony indefinite prison term. If a court imposes a sentence including a prison term on or after July 11, 2006, the failure of a court to notify the offender pursuant to division (B)(2)(f) of this section that the parole board may impose a prison term as described in division (B)(2)(f) of this section for a violation of that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code or to include in the judgment of conviction entered on the journal a statement to that effect does not negate, limit, or otherwise affect the authority of the parole board to so impose a prison term for a violation of that nature if, pursuant to division (D)(1) of section 2967.28 of the Revised Code, the parole board notifies the offender prior to the offender's release of the board's authority to so impose a prison term. Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term and failed to notify the offender pursuant to division (B)(2)(f) of this section regarding the possibility of the parole board imposing a prison term for a violation of supervision or a condition of post-release control.**

Since the trial court failed to notify Solomon at the hearing in which the prison term was actually imposed that a term of post-release control may be imposed, as required by R.C. 2929.19, the trial court failed to comply with the statutory sentencing requirements at the new sentencing hearing. The assignment of error is sustained.

{¶7} Having found error prejudicial to the appellant in the particulars assigned and argued, the judgment is reversed and the matter is remanded to the

Common Pleas Court of Crawford County for further proceedings consistent with this opinion.

*Judgment Reversed*
*And Remanded*

**ZIMMERMAN, P.J. and SHAW, J., concur.**

**/hls**