[Cite as *State v. Bentley*, 2023-Ohio-1708.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

| STATE OF OHIO | | C.A. No. 21AP0039 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| LACY DAWN BENTLEY | | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No. 2020 CRC-I 000553 |

DECISION AND JOURNAL ENTRY

Dated: May 22, 2023

STEVENSON, Judge.

**{¶1}** Defendant-Appellant Lacy Dawn Bentley ("Ms. Bentley") appeals from the judgment of the Wayne County Court of Common Pleas finding that she violated the terms of her community control and imposing a 24-month prison sentence. This Court reverses and remands for further proceedings.

I.

**{¶2}** Ms. Bentley pleaded guilty to aggravated possession of drugs in violation of R.C. 2925.11(A), a third-degree felony. Ms. Bentley was sentenced to 24 months on community control and ordered to follow the terms set forth in the conditions of community control sanction form, attached to the court's judgment entry as Exhibit A. The trial court entered a stated prison term of 36 months, the maximum sentence, for a community control sanction violation ("CCV").

**{¶3}** A CCV complaint was subsequently filed against Ms. Bentley for violating Rule 5, failing to report to her probation officer as directed, and Rule 6, not being permitted to purchase,

possess, use, or have any controlled substances, intoxicant, or drug paraphernalia. Ms. Bentley was served a summons for the CCV complaint at the Wayne County Jail.

{¶4} Ms. Bentley appeared for a preliminary hearing on the CCV complaint. The trial court informed Ms. Bentley at the preliminary hearing that she was charged with violating Rules 5 and 6 and that, if she is found to have violated the terms and conditions of her community control, she "could be removed from the community control sanction program and face further incarceration." The trial judge informed Ms. Bentley at the preliminary hearing that "[t]he matter is going to be set for a hearing;" that she has "a right to be represented by an attorney in that hearing;" and that, "if you have no money or property used to hire an attorney, one will be appointed for you at no cost to yourself." The trial judge appointed an attorney for Ms. Bentley and the matter was set for a final CCV hearing.

{¶5} Ms. Bentley, represented by appointed counsel, pleaded guilty at the final CCV hearing. The trial court sentenced Ms. Bentley to 24 months in prison with credit for time served. Ms. Bentley appeals from this sentence, citing three assignments of error for this Court's review.

II.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT FAILED TO PROVIDE THE CONSTITUTIONAL SAFEGUARDS REQUIRED FOR COMMUNITY CONTROL VIOLATIONS AND FAILED TO ADHERE TO REQUIREMENTS FOR VIOLATION PROCEEDINGS, AND THUS ERRED IN IMPOSING SENTENCE ON APPELLANT WITHOUT SATISFYING DUE PROCESS REQUIREMENTS FOR COMMUNITY CONTROL VIOLATIONS.**

{¶6} Ms. Bentley argues in her first assignment of error that the trial court failed to provide the required constitutional safeguards and adhere to the requirements for CCV proceedings. For the following reasons, we agree.

{¶7}    Crim.R. 32.3(A) provides that a "court shall not impose a prison term for violation of the conditions of a community control sanction * * * except after a hearing at which the defendant shall be present and apprised of the grounds on which the action is proposed[.]" This Court has recognized that defendants accused of violating community control are entitled to at least the same due process protections as probationers. *State v. Lindsay*, 9th Dist. Lorain No. 17CA0011206, 2018-Ohio-2871, ¶ 9-11; *State v. Osborne*, 9th Dist. Lorain No. 15CA010727, 2017-Ohio-785, ¶ 7; *State v. Heintz*, 146 Ohio St.3d 374, 2016-Ohio-2814, ¶ 16 (noting that, "in contrast to probation violation and revocation proceedings * * *, community control violation hearings are formal, adversarial proceedings.").

{¶8}    The required due process protections, for alleged community control violations, depend on the stage of the proceedings:

> At the preliminary hearing, a probationer or parolee is entitled to notice of the alleged violations of probation or parole, an opportunity to appear and to present evidence in his own behalf, a conditional right to confront adverse witnesses, an independent decisionmaker, and a written report of the hearing. The final hearing is a less summary one because the decision under consideration is the ultimate decision to revoke rather than a mere determination of probable cause, but the 'minimum requirements of due process' include very similar elements:
>
> '(a) written notice of the claim violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawye[rs]; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole.'

(Internal citations omitted.) *Osborne* at ¶ 7, quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973), quoting *Morrisey v. Brewer*, 408 U.S. 471, 489 (1972). *See also State v. Davis*, 8th Dist. Cuyahoga No. 93959, 2010-Ohio-5126, ¶ 26, citing *Gagnon* at 786 (recognizing that the trial court must

provide an alleged sanction-violator with these minimal due process rights before imposing punishment for a sanction violation).

**{¶9}** Ms. Bentley did not raise her objections before the trial court and, thus, "has forfeited all but plain error." *Osborne* at ¶ 8, citing Crim.R. 52(B). Plain error occurs if there has been an error, meaning a deviation from the legal rule; the error was an obvious defect; and the error affected a substantial right. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). This Court should take notice of plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

**{¶10}** Ms. Bentley argues that the trial court committed plain error when it deprived her of her due process rights. Ms. Bentley asserts that she was never properly advised of the evidence against her for the revocation of community control; she was never advised of the potential penalty for plea or conviction; she was never advised of her hearing rights, including the right to confront and cross-examine witnesses; and she was never advised that the state was required to prove the violations. Ms. Bentley argues that, because she was never properly advised of her rights, she did not knowingly and voluntarily waive a CCV hearing.

**{¶11}** We conclude that the trial court failed to properly advise Ms. Bentley of her rights at the CCV hearings. At the preliminary hearing, as set forth above, Ms. Bentley was entitled to (1) notice of the alleged violations; (2) an opportunity to appear and to present evidence on her own behalf; (3) a conditional right to confront adverse witnesses; (4) an independent decisionmaker; and (5) a written report of the hearing. *Osborne* at ¶ 7, citing *Gagnon*, 411 U.S. at 786.

**{¶12}** At the final hearing, Ms. Bentley was entitled to (1) written notice of the violations; (2) disclosure of the evidence against her; (3) opportunity to be heard and present witnesses and evidence; (4) right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the factfinder as to the evidence relied on and reasons for revoking community control. *Id.*

**{¶13}** The following exchange occurred at Ms. Bentley's preliminary hearing:

> JUDGE: And you're Lacy Bentley?
>
> MS. BENTLEY: Yes.
>
> JUDGE: This is Case 2020 CRC 553. You've been charged in a community control sanction violation, which alleges you've violated Rule 5, you shall report to your probation officer as directed. Violation of Rule 6, you're not permitted to purchase, possess, use or have under your control any controlled substances, intoxicant or drug paraphernalia, except as specifically prescribed to you by a licensed physician. If you are found in violation of your community control sanctions, you could be facing, or you could be removed from the community control sanction program and face further incarceration. Do you understand that?
>
> MS. BENTLEY: Yes.
>
> JUDGE: The matter is going to be set for a hearing. You have a right to be represented by an attorney in that hearing. If you have no money or property used to hire an attorney, one will be appointed for you at no cost to yourself. Do you understand that? - - You're going to have to verbalize that, ma'am.
>
> MS. BENTLEY: Yes. Yes, your honor.

The trial court appointed counsel at the preliminary hearing and a final hearing was scheduled.

**{¶14}** Ms. Bentley appeared at the final hearing with her court-appointed counsel. Counsel stated at the final hearing:

> MS. KENEPP: Your Honor, I have spoke[n] with Ms. Bentley regarding this matter. It is my understanding today that she is prepared to admit that she was in violation of her community control sanction.

JUDGE: And Ms. Bentley, do you understand what's taking place here today?

MS. BENTLEY: Yes sir, I do.

{¶15} The record establishes that Ms. Bentley was present at the preliminary hearing and that the trial court advised her of the alleged Rule 5 and Rule 6 violations. The record also establishes that the trial court served as the independent decision maker on whether a violation occurred. *See State v. Swails*, 8th Dist. Cuyahoga No. 100480, 2014-Ohio-3711, ¶ 14, quoting *State v. Murr*, 35 Ohio App.3d 159 (6th Dist.1987).

{¶16} The trial court, however, never informed Ms. Bentley that she had the right to present evidence on her own behalf and to confront adverse witnesses. Ms. Bentley was not informed of these rights at either the preliminary or final hearing on her alleged CCV.

{¶17} The record reflects that, at the final hearing, the trial court accepted counsel's representation that counsel "spoke with Ms. Bentley regarding this matter. It is my understanding today that she is prepared to admit that she was in violation of her community control sanction." While the trial court directly addressed Ms. Bentley at the final hearing and asked her if she understood "what's taking place here today," it never informed Ms. Bentley of her rights and determined that Ms. Bentley understood the rights she was waiving. "A waiver is an intentional relinquishment of a known right. It is 'applicable to all personal rights and privileges, whether contractual, statutory, or constitutional.'" (Internal citations omitted.) *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, ¶ 18.

{¶18} The facts of this case are like those that were before the court in *State v. Harmon*, 2d Dist. Champaign No. 2007CA35, 2008-Ohio-6039. After pleading guilty, the defendant in *Harmon* was sentenced to three years of community control. A hearing was scheduled after the defendant's probation officer filed a notice of supervision violation. The defendant appeared

unrepresented for the initial hearing, which was then continued. Counsel appeared with the defendant for the final hearing, at which the trial court revoked the defendant's community control and imposed two 18-month sentences, to be served concurrently.

{¶19} The defendant argued on appeal that her due process rights were violated during her community control violation hearing. The appellate court agreed. In finding that the defendant's due process rights were violated, the appellate court noted that "the trial court accepted counsel's representations regarding probable cause and the merits of the matter and proceeded to disposition without addressing Harmon directly and determining that she understood the two-part proceeding and the rights she was waiving." *Harmon* at ¶ 22. The court further noted that "[t]he record fails to demonstrate that Harmon knew she had the right to be heard in person during adjudication, to dispute probable cause and the merits of the violation, to present evidence and mitigation and to confront any adverse witnesses who may have testified." *Id.* The court continued to conclude that "the trial court rolled through the adjudicatory phase of the hearing to disposition without addressing Harmon directly and determining if she was intentionally waiving known rights. In other words, the deprivation of Harmon's liberty interest did not comport with the standards which due process of law imposes." *Id.*

{¶20} This Court likewise concludes that Ms. Bentley's due process rights were violated. The record fails to establish that Ms. Bentley was advised of the evidence against her; that she had the right to be heard and present witnesses and evidence; and, that she had the right to confront and cross-examine adverse witnesses.

{¶21} The trial court was required to inform Ms. Bentley of the right to present evidence on her own behalf and the right to confront adverse witnesses before imposing a sanction for a community control violation. The trial court's failure to "comport with the standards which due

process of law imposes" is a "procedural error [that] rises to the level of plain error." *Harmon* at ¶ 22. The trial court's failure to advise Ms. Bentley of her rights constitutes plain error as it was a deviation from what is legally required; was an obvious defect in the proceedings; and affected a substantial right. *See Barnes*, 94 Ohio St.3d at 27.

{¶22} We agree with Ms. Bentley that she was deprived of her due process rights and that this procedural error rises to the level of plain error. Accordingly, Ms. Bentley's conviction of a CCV violation is vacated and the cause is remanded for further proceedings consistent with this opinion.

## ASSIGNMENT OF ERROR NO. II

**THE COURT ABUSED ITS DISCRETION WHEN IT REVOKED MS. BENTLEY'S COMMUNITY CONTROL ON THIS RECORD AND THESE ALLEGATIONS AND THE SENTENCE IS NOT IN ACCORD TO UNDERLYING SENTENCING PRINCIPLES AND IS UNDULY HARSH AS REFLECTED BY THE RECORD.**

## ASSIGNMENT OF ERROR NO. III

**MS. BENTLEY WAS DENIED HER RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED UNDER THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.**

{¶23} Assignments of Error II and III are rendered moot by our resolution of Assignment of Error I.

### III.

{¶24} This Court sustains the first assignment of error. Assignments of Error II and III are rendered moot. The judgment of the Wayne County Common Pleas Court is reversed and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed and remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

SCOT STEVENSON
FOR THE COURT

SUTTON, P. J.
CARR, J.
CONCUR.

APPEARANCES:

RICHARD P. KUTUCHIEF, Attorney at Law, for Appellant.

ANGELA WYPASEK, Prosecuting Attorney, and DAVID FOLK, Assistant Prosecuting Attorney, for Appellee.